NIELSEN, *Respondent,*
*v.*
ST. PAUL COMPANIES, *Appellant.*
(TC 76 03 03809, SC 25478)
583 P2d 545

Gerald R. Hayes, Portland, argued the cause and filed briefs for appellant.

Thomas L. Gallagher, Jr., of Hardy, Buttler, McEwen, Weiss & Newman, Portland, argued the cause and filed the brief for respondent.

Before Holman, Presiding Justice, and Howell, Bryson, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action by an insured against his liability insurer to recover a sum paid in settlement of an action against the insured plus the cost of defense in that case and his attorney fees in the present action. The insurance company appeals from a judgment for the insured.

The insurer issued plaintiff a storekeeper's liability policy which contained the following coverage:

"The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this Insuring Agreement applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the Company shall have the right and duty to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements."

The policy defined an "occurrence" as follows:

" 'Occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the Insured:"

A Mrs. Palin filed a complaint against plaintiff which contained, among others, a count alleging the following:

" 'That on or about the 24th day of July, 1975, the above named defendants under the direction and control of John Nielsen undertook to repossess a certain grandfather clock, the property of the plaintiff, sold to her by the defendant John Nielsen. That said parties without legal authority or permission from plaintiff entered plaintiff's vehicle in front of plaintiff's home

[ 279 ]

residence and subsequently entered plaintiff's residence without authority and removed and repossessed that grandfather clock without permission or authority. That in so doing, defendants struck plaintiff on her arms and otherwise rendered her nervous and upset, all to plaintiff's damage in the sum of $25,000.00."

Plaintiff tendered the defense of the action to defendant which refused the tender because it claimed the complaint was based upon the intentional, wilful and malicious misconduct of plaintiff. Plaintiff then undertook his own defense and eventually settled the case. There is no issue concerning the reasonableness of the amount of the settlement or the cost of the defense.

The first issue raised upon appeal is whether the trial court erred in finding that defendant had a duty to defend plaintiff. Defendant contends the complaint against plaintiff alleges the commission of intentional acts which amount to an assault and battery and that such acts are not within the policy coverage because they amount to the intentional infliction of harm.

When a complaint is filed against the insured which alleges, without amendment, that the insured is liable for conduct covered by the policy, the insurer has the duty to defend the insured, even though other conduct is also alleged which is not within the coverage. *Oakridge Comm. Ambulance v. U. S. Fidelity,* 278 Or 21, 24, 563 P2d 164 (1977); *Ferguson v. Birmingham Fire Ins.,* 254 Or 496, 507, 460 P2d 342 (1969); *Blohm et al v. Glens Falls Ins. Co.,* 231 Or 410, 414-15, 373 P2d 412 (1962). The insurer owes a duty to defend if the claimant can recover against the insured under the allegations of the complaint *upon any basis* for which the insurer affords coverage. *Oakridge Comm. Ambulance v. U. S. Fidelity, supra* at 24; *Casey v. N. W. Security Ins. Co.,* 260 Or 485, 489, 491 P2d 208 (1971). Insurance coverage for the protection of one who intentionally inflicts injury upon another is against public policy, and whether the insurer is relieved for this reason from the defense of an action

against its insured depends upon the allegations of the complaint. *Isenhart v. General Casualty Co.,* 233 Or 49, 53-54, 377 P2d 26 (1962). It is not sufficient that the insured's intentional, albeit unlawful, acts have resulted in unintended harm; the acts must have been committed for the purpose of inflicting the injury and harm before either a policy provision excluding intentional harm applies or the public policy against insurability attaches. *Snyder v. Nelson/Leatherby Ins.,* 278 Or 409, 413-14, 564 P2d 681 (1977); *City of Burns v. Northwestern Mutual,* 248 Or 364, 369, 434 P2d 465 (1967).

■ The application of these rules to plaintiff's complaint leads to the conclusion that there was a duty to defend. There are no allegations in the count in question from which it *must* be concluded that the insured or anyone else at his direction intentionally inflicted physical injury or emotional harm upon Mrs. Palin. There are some intentional acts the nature of which is such that it must necessarily be concluded that there was an intention to injure. However, the facts alleged against the insured were not of this nature. Neither is it significant that the alleged acts of the insured were unlawful. Mere unlawfulness of the act does not raise any necessary implication that it was the actor's intention to injure.

■ Defendant also complains that there is no allegation of negligence, the implication apparently being that if the acts are not negligent they must be intentional. There is nothing in the policy which limits coverage to negligent acts. It covers intentional acts as well, so long as such acts were not done *for the purpose* of injuring another. In any event, if a complaint against the insured is ambiguous (as this complaint would be if negligence were required for coverage) but yet may be reasonably interpreted to include an incident within the coverage of the policy, there is a duty to defend. *Blohm et al v. Glens Falls Insurance Co., supra* at 416; *Farris v. U. S. Fidelity and Guaranty,* 273 Or 628, 635, 542 P2d 1031 (1975). The trial

[ 281 ]

court was correct in holding defendant had the duty to defend the action against plaintiff.

■ The only remaining assignment of error which it is necessary to consider is stated as follows:

"The court erred in allowing judgment for the $2000 Nielsen expended in settlement of Mrs. Palin's claim, as the only evidence before the Court, Mrs. Palin's deposition, clearly showed that Nielsen's conduct was willful, wanton and intentional and did not fall within the coverage of the policy."

Defendant is contending that the court erred in requiring defendant to pay the judgment (as differentiated from the costs of defense) because, assuming the duty to defend, the deposition, which was taken in Mrs. Palin's action against plaintiff, demonstrates that there was no coverage for her injuries because they were intentionally inflicted. The deposition was stipulated into evidence. Assuming, but not deciding, that by its failure to defend, defendant is not estopped to assert, nor has it waived its right to contend, that the acts of the insured were not within the coverage, the deposition does not demonstrate intentional injury of Mrs. Palin. It indicates that a door was forced open which hit her hand and badly bruised it, that she was jostled by one of the men while he was packing the clock out of the house, and that she was shoved away when she laid her hand upon plaintiff. However, there is no indication that any of these acts was done in such a manner or was of such a nature as to permit a conclusion that it was for the purpose of injuring her, as reprehensible as the men's forcing their way into her house and taking the clock may have been.

The judgment of the trial court is affirmed.