Argued and submitted April 14, reversed August 4, reconsideration denied
September 22, petition for review denied October 26, 1993 (318 Or 24). Order denying
review withdrawn, petition for review allowed January 18, 1994 (318 Or 325)

# ALLSTATE INSURANCE COMPANY,
*Appellant,*

*v.*

# Thomas Walter STONE,
Geraldine M. Stone and Wayne E. Allen,
Personal Representative of the
Estate of Vern Elwayne Allen, Deceased.,
*Respondents.*

## (16-91-00979; CA A74443)
857 P2d 196

Philip R. McConville, Eugene, argued the cause for appellant. With him on the briefs was Brown, Roseta, Long & McConville, Eugene.

J. Michael Starr, Eugene, argued the cause for respondents Thomas Walter Stone and Geraldine M. Stone. With him on the brief were Starr & Vinson, Eugene, and John Paul Graff and Graff & O'Neil, Portland.

No appearance by respondent Wayne E. Allen.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff appeals the trial court's judgment that declared that plaintiff's insurance policy affords coverage for claims made by Thomas and Geraldine Stone against the Allen Estate and that plaintiff is obligated to indemnify the estate for any judgment against the estate up to the limits of the policy. Plaintiff argues that there is no coverage under the policy because it excludes coverage for claims of injury caused intentionally by its insured. We reverse.

Witnesses testified at trial that plaintiff's insured, Allen, drove his car the wrong way up an exit ramp of a southbound freeway, and headed north on the shoulder. Allen then drove his vehicle directly into the path of a semi-truck driven by defendant Stone, while the truck was traveling at 45-50 miles per hour. The head-on collision killed Allen and seriously injured Stone. The parties stipulated that Allen "acted voluntarily and intentionally when he caused his vehicle to collide with defendant Stone's vehicle" and that his actions were "done with the purpose of taking his own life and he had no subjective intent to harm defendant Stone."

■ Allen's policy with plaintiff contains an exclusionary clause that provides:

"This coverage does not apply to liability for * * * bodily injury or property damage caused intentionally by, or at the direction of, an insured person."

The trial judge ruled that the exclusion was inapplicable because, for it to apply, plaintiff must prove that Allen intended to injure Stone. Plaintiff argues that Allen's conduct was of a nature that requires us to infer an injurious intent as a matter of law and that, therefore, the clause excludes coverage.

In *Nielsen v. St. Paul Companies*, 283 Or 277, 281, 583 P2d 545 (1978), the court said, "[t]here are some intentional acts, the nature of which is such that it must necessarily be concluded that there was an intention to injure." We have followed that reasoning when the natural and ordinary consequence of an act is to cause harm. *See Ledford v. Gutoski*, 121 Or App 226, 855 P2d 196 (1993); *Falkenstein's Meat Co. v. Maryland Casualty Co.*, 91 Or App 276, 280, 754 P2d 621 (1988). If that requirement is met, it is immaterial

that the person committing such acts did not subjectively intend to injure another, because "an injurious intent is necessarily inferred." *Mutual of Enumclaw v. Merrill*, 102 Or App 408, 412, 794 P2d 818, *rev den* 310 Or 475 (1990).

Injuries and property damage would naturally and certainly result when Allen intentionally drove his car head-on into a 77,000 pound semi-truck that was traveling at 45 to 50 miles per hour. Therefore, we infer as a matter of law that Allen intended to injure the driver of the truck. Accordingly, the policy exclusion applies and plaintiff is not liable for defendants' claims.

Our holding is consistent with the case relied on by defendants. In *Snyder v. Nelson/Leatherby Ins.*, 278 Or 409, 564 P2d 681 (1977), the insured intentionally "bumped" his car into the rear-end of another car. Nothing in the record indicated what the insured's intentions were when he hit the other car. Under those facts, the court found that it was permissible but not "necessary" to infer that the insured intended to harm the people in the other car. In contrast, the head-on collision involved in this case was more severe than a rear-end "bump." It was an intentional act that was certain to result in significant injuries to the occupant of the other vehicle.

The facts of this case are also distinguishable from those in *State Farm Mutual Auto. Ins. v. Steward*, 86 Or App 183, 738 P2d 996, *rev den* 304 Or 150 (1987), in which we held that there was an issue of material fact whether an insured, found guilty of second degree manslaughter and second degree assault, intended the injuries that resulted when he drove his car while under the influence of intoxicants. Because the convictions did not conclusively establish that he acted intentionally to injure others, we reversed a summary judgment entered by the trial court in favor of the insurer. Here, the parties stipulated that Allen "voluntarily and intentionally" drove his car into Stone's truck.

Defendants cross-assign error to the trial court's judgment that granted plaintiff's motion to strike their affirmative defenses of estoppel and waiver on the grounds that the defenses were legally insufficient. In the absence of exceptional circumstances, estoppel cannot be used to negate

an express exclusion in an insurance policy so that it has the effect of expanding coverage that extends beyond the terms of the policy. *DeJonge v. Mutual of Enumclaw*, 315 Or 237, 243, 843 P2d 914 (1992). None of those circumstances exist here. Likewise, defendants' defense of waiver is legally insufficient, because waiver "cannot be the basis for creating a contract of coverage where no such contract previously existed." *Schaffer v. Mill Owners Ins. Co.*, 242 Or 150, 156, 407 P2d 614 (1965). Allen's policy did not provide coverage for injuries or damages caused by intentional acts and such coverage cannot be created by estoppel or waiver. The trial court did not err in striking defendants' affirmative defenses.

Reversed.