Argued and submitted November 29, 1993, reversed and remanded on appeal and on cross-appeal April 20, Farmers Ins. Co.'s petition for review and Munson's petition for review denied August 30, 1994 (320 Or 109)

## FARMERS INSURANCE COMPANY OF OREGON,
an Oregon corporation,
*Appellant - Cross-Respondent,*

*v.*

## John L. MUNSON,
and Margie A. Goddard,
as personal representative for
the Estate of Marc E. Goddard, Deceased,
*Respondents - Cross-Appellants - Cross-Respondents,*

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Respondent - Cross-Appellant - Cross-Respondent,*

*and*

## Helen FOLEY,
*Defendant.*

(88C-11994; CA A73010)

873 P2d 370

414

William L. Hallmark argued the cause for appellant - cross-respondent. With him on the briefs was Hallmark, Keating & Abbott.

Margaret H. Leek Leiberan argued the cause for respondents - cross-appellants - cross-respondents John L. Munson and Margie A. Goddard. With her on the briefs were Ira S. Feitelson and J.P. Harris, II.

Ralph C. Spooner argued the cause for respondent - cross-appellant - cross-respondent State Farm Mutual Automobile Insurance Company. On the briefs were Bruce H. Tompkins and Spooner & Much.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

RIGGS, J.

---

* Haselton, J., *vice* Durham, J.

**RIGGS, J.**

Plaintiff, an insurance company, appeals from a declaratory judgment determining that one of its policies covered defendant Munson for liability arising from a fatal automobile accident. Defendants, Munson, the driver of the vehicle, Foley, the owner of the vehicle, Goddard, the personal representative of the estate of the person killed in the accident, and State Farm Insurance, decedent's insurance carrier, cross-appeal from a judgment determining that a second policy issued by plaintiff does not provide coverage.[1] We reverse and remand.

Munson occasionally worked for Foley and sometimes drove her pick-up truck for both work-related and personal reasons. Foley and Munson had discussed drinking and driving, and there was conflicting evidence about whether Munson was tacitly allowed to drink and drive. On October 29, 1987, Foley asked Munson to harvest the squash in her garden and, using her pick-up, give it away in Salem. They agreed to meet that evening at a tavern in Salem to play bingo. Throughout that afternoon, Munson delivered squash to friends at various taverns. While making the deliveries, Munson drank eight to 10 beers. As he pulled into the parking lot at the tavern where he was to met Foley, he hit and killed defendant.

Both Munson and Foley had automobile insurance policies with plaintiff. Munson's policy excluded coverage for injuries "arising out of the * * * use of any vehicle other than your insured car, which is * * * available for [your] regular use." Foley's policy excluded coverage for

> "[a]ny person who uses a vehicle without having sufficient reason to believe that the use is with permission of the owner."

---

[1] Plaintiff appeals from that part of the declaratory judgment that held that plaintiff is liable under defendant Foley's policy. Defendants all cross-appeal from that part of the declaratory judgment that held that plaintiff is not liable under defendant Munson's policy. Defendants Munson and Goddard also appeal from that part of the declaratory judgment that held that an endorsement excluding punitive damages was a part of both policies.

On cross-appeal, defendant State Farm names plaintiff and defendants Munson and Goddard as cross-respondents. Defendants Munson and Goddard in turn, name plaintiff and defendant State Farm as cross-respondents. However, their position is the same as State Farm's.

At the time both policies were issued, they also contained coverage for punitive damages. In November, 1986, plaintiff added a unilateral endorsement excluding coverage for punitive damages. An employee for plaintiff testified that this endorsement was mailed to all policy holders with their first renewal after November 1, 1986. Munson and Foley both testified that they never received this endorsement.

Plaintiff was notified of the accident shortly after it occurred and took a number of steps to defend Munson, including, in June, 1988, hiring an attorney to represent Munson in the wrongful death case brought by decedent's estate. At some point, plaintiff began investigating the coverage issues, i.e., the policy exclusions, but did not reserve its rights to deny coverage until October 17, 1988. In the interim, defendants gave sworn statements and depositions that bore directly on the coverage issues. Plaintiff did not notify defendants that it was investigating those coverage issues.[2]

In this declaratory judgment action, the court denied the parties' request for a jury trial. After a bench trial, the court determined that plaintiff had no liability under Munson's policy, because the pick-up was available for Munson's regular use. The court also determined that plaintiff was required to indemnify Munson under Foley's policy, because Munson was driving with Foley's permission. The court found that plaintiff had not waived its policy defenses, and was not estopped from asserting them, because of its handling of the claims. Finally, the court found that the policies contained the endorsement excluding coverage for punitive damages.

We address defendants' cross-assignments of error regarding waiver and estoppel first, because, if defendants are correct, we need not reach some of the parties' other assignments of error. Defendants first cross-assign error to the trial court's conclusion that plaintiff did not waive the right to assert, and was not estopped from asserting, the policy exclusions at issue, i.e., that Munson lacked permission and that the pick-up was available for Munson's regular and frequent use.

---

[2] Plaintiff's alleged bad faith conduct in handling the claims arising out of this accident is the subject of a separate proceeding.

■ Defendants first argue that, when plaintiff undertook Munson's representation without a reservation of rights, plaintiff intentionally relinquished the right to assert any coverage issues. However, waiver "cannot be the basis for creating a contract of coverage where no such contract previously existed." *Schaffer v. Mill Owners Ins. Co.*, 242 Or 150, 156, 407 P2d 614 (1965). Waiver may be available to prevent an insurer from asserting a policy defense if the defense is a condition of forfeiture, but not if it is a condition of coverage. *See Allstate Ins. Co. v. Stone*, 122 Or App 202, 206, 857 P2d 196 (1993), *rev allowed* 318 Or 325 (1994). A condition of forfeiture is one "where there is insurance coverage for the loss in the first place," but acts of the insured, such as the filing of a false statement of loss, nullify the coverage. *ABCD...Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 988 (1987). The exclusions at issue here are not conditions of forfeiture, because they control whether there is coverage in the first place, not whether existing coverage is lost. Because the policy defenses are conditions of coverage, they could not be waived. The trial court did not err in concluding that plaintiff had not waived its right to raise the coverage issues.

■ ■ Defendants also argue that plaintiff should be estopped from asserting the coverage issues, because defendants detrimentally relied on plaintiff's assertions that it would represent defendants without a reservation of rights. However, in the absence of exceptional circumstances, estoppel cannot "negate an express exclusion in an insurance policy" and expand coverage beyond the terms of the policy. *DeJonge v. Mutual of Enumclaw*, 315 Or 237, 243, 843 P2d 914 (1992); *Allstate Ins. Co. v. Stone, supra*, 122 Or App at 206. If plaintiff is correct that Munson did not have permission to drive the pickup, then plaintiff would not provide coverage under Foley's policy because of the permissive use exclusion. Similarly, if plaintiff is correct that the pickup was available for Munson's regular use, then plaintiff would not provide coverage under Munson's policy because Munson would not be an insured person. To estop plaintiff from asserting these conditions of coverage may have the effect of negating express exclusions and expanding coverage beyond the terms of the policy. The

trial court did not err in concluding that the plaintiff was not estopped from raising the coverage issues.[3]

■■ Plaintiff and defendants all assign error to the trial court's denial of their request for a jury trial. Article I, section 17, of the Oregon Constitution provides that "in all civil actions the right of trial by Jury shall remain inviolate." That guarantee entitles a civil litigant to a jury trial on disputed issues of fact material to the application of contract terms. *Jackson County Federal Savings v. Urban Planning*, 95 Or App 598, 605-06, 771 P2d 629, *rev den* 308 Or 197 (1989). The fact that this action was a complaint for declaratory relief does not alter the right to a jury trial. ORS 18.090 provides:

> "When a proceeding under this chapter [on declaratory judgments] involves the determination of issues of fact, such issues may be tried and determined in the same manner as issues of fact are tried in other actions at law or suits in equity in the court in which the proceeding is pending."

Therefore, to the extent that this case involves factual issues material to the application of the policy terms, the parties are entitled to a jury trial.

■ The first issue decided by the trial court was whether Munson was an "insured person" under the policy issued to Foley by plaintiff. Whether Munson is an insured person under Foley's policy depends on whether Munson had "sufficient reason to believe" he was operating the pick-up with Foley's permission. This requires a factual inquiry into, *inter alia*, the scope of Munson's permission on the day of the accident, what Foley told Munson about drinking and driving, and whether Foley enforced any policy that she had about Munson's drinking and driving.

■■ The trial court also decided that Munson had no coverage under his own policy because the pick-up was available for his regular use. Whether the pick-up was available for Munson's "regular use" requires a factual inquiry into, *inter alia*, how often the pick-up was available and whether Munson and Foley had an understanding, express or implied, that Munson could use the pick-up whenever he desired. *Wallace*

---

[3] Because of our disposition of defendants' cross-assignments of error regarding the waiver and estoppel defenses, we do not reach defendants' cross-assignments of error concerning the court's finding of no reliance by Munson.

*Co. v. State F.M. Auto Ins. Co.*, 220 Or 520, 526, 349 P2d 789 (1960).

The trial court also decided that both policies contained the endorsement excluding coverage of punitive damages. Whether that endorsement was a part of defendants' policies depends on whether plaintiff called defendants' attention to that reduction in coverage. *Oregon Mutual Ins. v. Hollopeter*, 251 Or 619, 621, 447 P2d 391 (1968), *mod* 255 Or 73, 464 P2d 316 (1970). This requires a factual inquiry into whether plaintiff sent notice of the reduction in coverage to Foley and Munson, and whether they received that notice.

There are additional factual questions remaining that the parties are entitled to have decided by a jury. The trial court erred in denying the parties' request for a jury trial and, accordingly, we remand. Because the parties' remaining assignments of error pertain to matters for the jury on remand, we do not reach those assignments of error.

Reversed and remanded on appeal and on cross-appeal.