On respondents' petition for reconsideration filed December 11, 1997; petition for reconsideration allowed; opinion (151 Or App 405, 950 P2d 909) modified and adhered to as modified February 25, 1998

KLAMATH PACIFIC CORPORATION,
an Oregon corporation,
and Robert Stewart,
*Respondents,*

*v.*

RELIANCE INSURANCE COMPANY,
*Appellant,*

*and*

INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA,
a Pennsylvania corporation,
*Defendant.*

(9302944CV; CA A91172)

955 P2d 340

Gregory B. Snook and Kilmer, Voorhees & Laurick, P.C., for petition.

LANDAU, J.

**LANDAU, J.**

Klamath Pacific Corporation and Robert Stewart petition for reconsideration of our opinion, 151 Or App 405, 950 P2d 909 (1997). They argue that we neglected to resolve one of the issues that the parties argued, namely, whether Reliance Insurance Company (Reliance) was excused from the duty to defend Stewart in the state court actions against him by virtue of the employers liability or the intentional acts exclusion of the Reliance policy. We agree that we did not resolve that issue in our original opinion. We therefore allow the petition for reconsideration, adhere to our opinion as modified and modify the award of costs.

■ In our original opinion, we held that the allegations of the state court complaints sufficiently alleged bodily injury such that Reliance had a duty to defend Klamath and Stewart, unless any of the policy exclusions applied. 151 Or App at 413-14. We first address the employers liability exclusion. The complaints alleged that Klamath Pacific was plaintiffs' employer and that Stewart was the principal shareholder of Klamath Pacific. The complaints did not allege that Stewart was plaintiffs' employer. We analyze the employers liability exclusion separately as to each insured. *See Cimarron Ins. Co. v. Travelers Ins. Co.*, 224 Or 57, 60-62, 355 P2d 742 (1960). Because Stewart was not alleged to be plaintiffs' employer, the employers liability exclusion does not apply.

■ Having decided that the employers liability exclusion does not apply, we then must determine whether the intentional acts exclusion of the policy relieves Reliance of the duty to defend Stewart in the state court actions. That exclusion applies if the injury at issue was "expected or intended from the standpoint of the insured." The exclusion from coverage for intentional acts depends on the *subjective* intent of the insured. *Allstate Ins. Co. v. Stone*, 319 Or 275, 278, 876 P2d 313 (1994). The acts of the insured must have been committed for the purpose of inflicting the injury and harm before a policy provision excluding intentional harm applies. *Nielsen v. St. Paul Companies*, 283 Or 277, 281, 583 P2d 545 (1978).

The state court complaints clearly alleged intentional conduct on the part of Pearce and Mahoney, plaintiffs' supervisors. But the only allegation in the complaints concerning Stewart's conduct was that he "knew" the acts of Pearce and Mahoney "would cause" injury to the plaintiffs. Without more, we cannot say that those allegations trigger the intentional acts exclusion. *Ledford v. Gutoski*, 319 Or 397, 400, 877 P2d 80 (1994). We hold that Reliance owed Stewart a duty to defend the state court actions.

▪    Because we hold that the complaints alleged a duty to defend Stewart in the action on the basis of the allegations of intentional infliction of emotional distress, we need not address the sufficiency of the allegations with regard to coverage of the battery claim. If the complaints provide any basis for which the insurer might provide coverage, even if some, but not all, conduct would not be covered, the insurer has a duty to defend. *Timberline Equip. v. St. Paul Fire and Mar. Ins.*, 281 Or 639, 645, 576 P2d 1244 (1978).

Petition for reconsideration allowed; opinion modified and adhered to as modified.