Argued and submitted December 9, 2019, affirmed September 16, 2020

Gary ROGOWSKI,
*Plaintiff-Respondent,*
*v.*
SAFECO INSURANCE COMPANY
OF OREGON,
*Defendant-Appellant.*

Multnomah County Circuit Court
17CV41558; A169063

473 P3d 111

In this insurance coverage case, defendant Safeco Insurance Company of Oregon (Safeco) appeals from a general judgment awarding plaintiff Gary Rogowski declaratory relief and monetary damages. Safeco denied coverage under Rogowski's landlord protection insurance policy after Rogowski's tenant allegedly suffered injury as a result of carbon monoxide exposure and degraded indoor air quality. Rogowski brought suit. The trial court denied Safeco's motion for summary judgment and granted Rogowski's cross-motion for summary judgment, declaring that Safeco had a duty to defend Rogowski in a lawsuit brought against Rogowski by his tenant and awarding money damages for Rogowski's attorney fees incurred in that lawsuit. On appeal, Safeco assigns error to those rulings, arguing that a pollutant exclusion in Rogowski's insurance policy excluded coverage for the type of injuries alleged in the tenant's complaint. *Held*: The trial court did not err. Although the policy unambiguously excludes coverage for exposure to carbon monoxide, the tenant's complaint alleged a negligence claim premised on theories of degraded indoor air quality that are not dependent on the presence of carbon monoxide. Because those allegations reasonably can be interpreted as falling within the coverage, Safeco owes a duty to defend.

Affirmed.

Stephen K. Bushong, Judge.

Thomas M. Christ argued the cause for appellant. Also on the briefs was Sussman Shank LLP.

Brooks M. Foster argued the cause for respondent. On the brief were Brian D. Chenoweth, Bradley T. Crittenden, and Chenoweth Law Group, PC.

Before Ortega, Presiding Judge, and Shorr, Judge, and James, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

In this insurance coverage case, defendant Safeco Insurance Company of Oregon (Safeco) appeals from a general judgment awarding plaintiff Gary Rogowski declaratory relief and monetary damages.[1] The trial court denied Safeco's motion for summary judgment and granted Rogowoski's cross-motion for summary judgment, declaring that Safeco had a duty to defend Rogowski in a lawsuit brought against Rogowski by his tenant, Hawley, and awarding money damages for Rogowski's attorney fees incurred in that lawsuit. The court's rulings, and our decision on appeal, turn on whether a pollutant exclusion in Rogowski's insurance policy excluded coverage for the types of injuries alleged in Hawley's complaint. Because we conclude that the trial court did not err in declaring that Safeco had a duty to defend Rogowski or in awarding damages for the cost of that defense, we affirm.

The following facts are taken from Hawley's complaint and are undisputed for purposes of this appeal. Hawley resided in a rental property owned by Rogowski. Hawley informed Rogowski that Hawley smelled natural gas in the residence. Twelve days later, a technician from NW Natural, the natural gas company, was dispatched to the residence. The technician noted that the odor of natural gas was immediately evident upon entering the premises. The technician also noted that his gas meter indicated an alarm for carbon monoxide, and that a subsequent test for carbon monoxide indicated levels of 4,000 parts per million at the gas furnace and hot water heater. The technician recommended immediate action.

The following day, a AAA Heating and Cooling technician came to the residence and observed that the exhaust duct of the furnace was plugged by debris in the chimney, and that the furnace had been improperly modified. The complaint alleged that a chimney technician subsequently removed over 80 pounds of debris from the chimney that

---

[1] Plaintiff raises arguments that the court is without jurisdiction to decide defendant's appeal and that defendant's assignment of error is unpreserved, because defendant identified the trial court's order—rather than the general judgment—in several sections of defendant's opening brief. Those arguments are without merit, and we reject them without further written discussion.

had been blocking the furnace and hot water heater exhaust outlets. That technician also noted that the HVAC system was not working well.

Hawley filed a complaint against Rogowski. Hawley alleged that Rogowski was aware of the furnace problems and had disconnected the fire detector and/or carbon monoxide detector in the residence. The complaint also alleged as follows:

"10.

"As a result of the defects in the gas furnace, hot water heater, duct work, and chimney, Mr. Hawley was exposed to *degraded indoor air quality and long-term carbon monoxide exposure and poisoning* that rendered the Residence unfit for human habitation and causing Mr. Hawley serious health concerns as related herein.

"11.

"Defendant was negligent in one or more of the following ways, each of which was a substantial contributing factor in causing the *long-term carbon monoxide exposure*, resulting in significant injuries to Mr. Hawley:

"a)  In failing to provide properly functioning HVAC related appliances and duct space in the Residence;

"b)  In failing to maintain the properly operating condition of the HVAC related appliances and duct work in the Residence;

"c)  In failing to inspect the Residence on a regular basis for malfunctions or debris build-up in the HVAC related appliance and ducts of the Residence;

"d)  In failing to provide a properly functioning carbon monoxide monitor in the Residence; and

"e)     In failing to provide a rental residence to Mr. Hawley which was free from excess carbon monoxide exposure."

(Emphases added.) The complaint listed Hawley's "sustained serious health concerns," which were "a direct and proximate result of the negligence of [Rogowski]." The listed "health concerns" stated a wide variety of conditions, including, for example, depression and nausea.

Rogowski had purchased a landlord protection insurance policy from Safeco that included premises liability coverage. The policy stated that the premises liability coverage insured Rogowski for "bodily injury or property damage caused by an occurrence arising out of the ownership, maintenance, occupancy or use of the insured location." The policy listed a number of exclusions to the premises liability coverage, including, as is pertinent to this appeal, an exclusion for

> "liability arising, in whole or part, out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape, emission, transmission, absorption, ingestion or inhalation of pollutants at any time. This includes any loss, cost or expense arising out of any:

> "(1)  request, demand or order that any insured or others test for, monitor, abate, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to, or assess, the effects of pollutants; or

> "(2)  claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, or in any way responding to, or assessing, the effects of pollutants[.]"

The policy defined "pollutants" as "any of the following":

> "a.  liquid fuels;

> "b.  lead or any materials containing lead;

> "c.  asbestos or any materials containing asbestos;

> "d.  radon;

> "e.  formaldehyde  or  any  materials  containing formaldehyde;

> "f.  electric fields, magnetic fields, electromagnetic fields, power frequency fields, electromagnetic radiation or any other electric or magnetic energy of any frequency;

> "g.  *carbon monoxide*;

> "h.   pathogenic or poisonous biological materials;

> "i.  acids, alkalis or chemicals;

> "j.  radioactive substances; or

"k.   *any other irritant or contaminant including waste, vapor, fumes or odors.*"

(Emphases added.) Rogowski tendered the Hawley lawsuit to Safeco for defense under the policy. Safeco denied coverage. Rogowski then filed this lawsuit for breach of contract, seeking money damages for his defense costs and a declaratory judgment that Safeco has a duty to defend him against Hawley's complaint.

Safeco filed a motion for summary judgment, asserting that it had no duty to defend Rogowski because Hawley's complaint fell outside of the policy. Safeco argued that Hawley claimed injury from carbon monoxide, which was expressly excluded under the "pollutant" exclusion. Rogowski filed a cross-motion for partial summary judgment. Rogowski conceded that any injury from carbon monoxide was excluded under the pollutant exclusion, but Rogowski argued that the complaint could reasonably be read to allege injury from "natural gas" and "degraded indoor air quality," neither of which were excluded.

The trial court ruled that Safeco had a duty to defend Rogowski. In an opinion and order, the court first concluded that the claims in Hawley's complaint were ambiguous because the complaint "refers to degraded indoor air quality, carbon monoxide and natural gas." The court then concluded that, although bodily injury caused by exposure to carbon monoxide was unambiguously excluded from coverage by the pollutant exclusion, the policy was ambiguous as to whether degraded indoor air quality and natural gas were also excluded as pollutants. Construing the ambiguity against the insurer, the court concluded that the policy could reasonably be understood to cover bodily injury as a result of degraded indoor air quality and exposure to natural gas. The court therefore ruled that Safeco owed Rogowski a duty to defend. Safeco now appeals.

Safeco assigns error to the trial court's denial of its motion for summary judgment and grant of Rogowski's cross-motion. "For summary judgment to be appropriate on the duty to defend or the duty to indemnify, there must be no genuine dispute of material fact and the moving party must be entitled to judgment as a matter of law." *Bighorn*

*Logging Corp. v. Truck Ins. Exchange*, 295 Or App 819, 826, 437 P3d 287, *rev den*, 365 Or 195 (2019) (citing *Ledford v. Gutoski*, 319 Or 397, 403, 877 P2d 80 (1994)). Our resolution of this appeal depends upon our consideration of the complaint filed against Rogowski and our interpretation of the insurance policy that Rogowski purchased from Safeco, which presents an issue of law. *Hunters Ridge Condo. Assn. v. Sherwood Crossing*, 285 Or App 416, 422, 395 P3d 892 (2017).

An insurer's duty to defend its insured is determined by comparing the four corners of the complaint to the four corners of the insurance policy. *West Hills Development Co. v. Chartis Claims*, 360 Or 650, 653, 385 P3d 1053 (2016). Under that so-called "four-corners" or "eight-corners" rule, we compare the allegations in the complaint to the coverage under the policy to determine if the duty to defend extends to the alleged conduct of the insured. *Id.* If the complaint asserts a claim covered by the policy, the insurer has a duty to defend, even if the complaint also asserts claims that fall outside the policy's coverage. *FountainCourt Homeowners v. FountainCourt Develop.*, 360 Or 341, 354, 380 P3d 916 (2016). In other words, "[t]he insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage," *i.e.*, if the facts in the complaint "may reasonably be interpreted to include conduct within the coverage of [the insurance] policy." *Ledford*, 319 Or at 400 (emphasis in original).

Allegations in a complaint may fall outside of an insurance policy either because "the allegations do not involve insured conduct or because one or more coverage exclusions in the policy absolve the insurer of its duty to defend." *Bighorn Logging Corp.*, 295 Or App at 828 (citing *FountainCourt Homeowners*, 360 Or at 360). Whether an exclusion in an insurance policy relieves an insurer of its duty to defend the insured depends on the meaning of the exclusion and whether, properly construed, it encompasses all of the allegations in the complaint that would otherwise give rise to that duty. *Id.* It is the insurer's burden to prove that one or more exclusions in the insurance policy absolve the insurer of its duty to defend. *Id.* at 827.

As to how to construe the complaint, we have said that, if the complaint can reasonably be interpreted to allege any basis that would fall within the policy coverage, then the insurer owes a duty to defend:

> "If the allegations in the complaint are ambiguous, but a reasonable interpretation would bring them within coverage, there is a duty to defend. *Klamath Pacific Corp. v. Reliance Ins. Co.*, 151 Or App 405, 413, 950 P2d 909 (1997), *modified on recons*, 152 Or App 738, 955 P2d 340 (1998); *see also Nielsen* [*v. St. Paul Companies*, 283 Or 277, 280, 583 P2d 545 (1978)] ('The insurer owes a duty to defend if the claimant can recover against the insured under the allegations of the complaint *upon any basis* for which the insurer affords coverage.' (Emphasis in original.)). Moreover, if some allegations reasonably can be interpreted as falling within the coverage, the insurer owes a duty to defend—even if other allegations of conduct or damage are excluded. *Abrams v. General Star Indemnity Co.*, 335 Or 392, 399-400, 67 P3d 931 (2003) ('[W]hen the complaint contains allegations of conduct that are excluded under the insurance policy *** the court must determine whether the complaint contains allegations of *covered* conduct. If it does ***, then the insurer has a duty to defend, even if the complaint also includes allegations of excluded conduct.' (Emphasis in original.))."

*Fred Shearer & Sons, Inc. v. Gemini Ins. Co.*, 237 Or App 468, 478-79, 240 P3d 67 (2010), *rev den*, 349 Or 602 (2011). Therefore, this dispute requires us to construe Hawley's complaint and compare the allegations to the policy to determine if there is any basis alleged that can reasonably be interpreted to fall within the policy's coverage.

We have previously explained our methodology for construing an insurance policy in the context of a dispute over the insurer's duty to defend:

> "The overriding goal in construing an insurance policy is to ascertain the intention of the parties. We determine the intention of the parties by analyzing the policy's express terms and conditions. We interpret the terms of an insurance policy according to what we perceive to be the understanding of the ordinary purchaser of insurance.
>
> "If an insurance policy provides a definition for a term, we must apply that definition. When, on the other hand, a

particular word or phrase is not defined in a policy, we first look to whether the word or phrase has a plain meaning— *i.e.*, the word or phrase is susceptible to only one plausible interpretation. If the word or phrase has more than one plausible interpretation, we then examine the phrase in light of the particular context in which it is used in the policy and the broader context of the policy as a whole. If, after examining the word or phrase in that context, the ambiguity persists—*i.e.*, two or more plausible interpretations remain—any reasonable doubt as to the intended meaning of such a term will be resolved against the insurance company."

*Hunters Ridge Condo. Assn.*, 285 Or App at 422-23 (internal quotation marks, citations, and brackets omitted).

Here, Safeco first contends that the complaint *only* alleges claims for exposure to carbon monoxide, which is explicitly excluded under the policy's pollutant exclusion. Rogowski concedes that the complaint includes claims for carbon monoxide exposure and that the pollutant exclusion unambiguously excludes liability related to those claims, but he asserts that the complaint also alleges claims related to natural gas and degraded indoor air quality, which he argues fall within the policy's coverage. Safeco argues that, even assuming the complaint alleges claims related to natural gas and degraded indoor air quality, those claims also fall within the definition of "pollutant" and are therefore excluded from coverage. The first question that we must answer, then, is whether the Hawley complaint can reasonably be understood to allege a claim or claims for anything *other* than carbon monoxide exposure. If so, then we must address whether that conduct alleged in those claims falls within the policy's coverage.

We begin with Hawley's complaint. The complaint itself is not a model of clarity. As explained above, it states that Hawley smelled the odor of natural gas, which caused a technician to be dispatched to the residence, though it does not allege that any of Hawley's injuries were caused by the natural gas that Hawley smelled. It also alleges that, because of Rogowski's negligence in maintaining the furnace, water heater, duct work, and chimney, Hawley "was exposed to degraded indoor air quality *and* long-term carbon

monoxide exposure and poisoning" that caused Hawley's injuries. (Emphasis added.)

Although it is a narrow path, we believe there are enough facts pleaded in the complaint to reasonably conclude that Hawley alleged a negligence claim on a theory of degraded indoor air quality that did not depend on the presence of carbon monoxide. The use of the conjunction "and" indicates that Hawley alleged that both degraded indoor air quality and carbon monoxide contributed to his injuries. In addition to the factual allegations related to carbon monoxide, the complaint alleges that the chimney was full of debris, the HVAC system was not working well, and there were issues with the duct work.

Based on the facts pleaded in the complaint regarding the condition of the residence, Hawley alleged a theory that his injuries were caused by degraded indoor air quality. However, as to natural gas, the complaint did not allege injury from natural gas but merely alleged that the odor of natural gas was a catalyst for summoning a technician to the residence. Therefore, we can find no reasonable basis in the complaint for Hawley to proceed on a theory of injury resulting from natural gas.

Safeco contends that, even assuming that the complaint alleges a theory of liability based on "degraded indoor air quality," that alleged theory is still dependent on proof that the air was contaminated by pollutants, as degraded indoor air is only "the condition of the air when mixed with a harmful substance" or other irritant or contaminant. Thus, Safeco argues that the pollutant exclusion applies. That exclusion, as mentioned above, excludes from coverage liability for the "actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape, emission, transmission, absorption, ingestion or inhalation of pollutants at any time." The policy further defines "pollutant" as liquid fuels, lead, asbestos, radon, formaldehyde, electric fields, carbon monoxide, pathogenic or poisonous biological materials, chemicals, radioactive substances, or "any other irritant or contaminant including waste, vapor, fumes or odors."

The policy essentially defines the term "pollutant" with a list of substances as examples and adds that a

pollutant is "any other irritant or contaminant." Because the terms "irritant" and "contaminant" are not defined, we look to their plain meaning, which typically means their dictionary definition. *See, e.g., Uno v. Provident Life & Accident Ins. Co.*, 221 Or App 661, 666, 191 P3d 738 (2008); *Clinical Research Institute v. Kemper Ins. Co.*, 191 Or App 595, 601-02, 84 P3d 147 (2004). A "contaminant" is "something that contaminates." *Webster's Third New Int'l Dictionary* 491 (unabridged ed 2002). An "irritant" is "something that irritates." *Id.* at 1197.

Rogowski contends that the complaint can reasonably be read to cover "reduced oxygen levels resulting from the alleged debris blocking the chimney and the furnace." As we understand it, Rogowski maintains that the complaint alleges that the blocked chimney, ductwork, and furnace led to reduced oxygen levels *regardless* of the presence of pollutants, irritants, or contaminants. As noted, we resolve ambiguities in the complaint in favor of the insured. *Leach v. Scottsdale Indemnity Co.*, 261 Or App 234, 246, 323 P3d 337, *rev den*, 356 Or 400 (2014). Doing so, we conclude that the complaint could reasonably be understood to allege a theory of degraded air quality based on reduced oxygen levels that is not dependent on the presence of carbon monoxide or other pollutants, irritants, or contaminants.

We pause to note that we question whether debris blocking the home's chimney, ductwork, and furnace could, in fact, on its own lead to a drop in the air's oxygen levels without the introduction of other pollutants, irritants, or contaminants. However, the four-corners analysis asks us to consider whether the pleaded "allegations reasonably can be interpreted as falling within the coverage." *Fred Shearer & Sons, Inc.*, 237 Or App at 478. We do not understand the test to permit us to examine the merits of the complaint, an issue that will be resolved in the underlying case filed against the insured, which will be relevant to any claim for indemnity by the insured and against the insurer. *See Leach*, 261 Or App at 247 (stating that, "[i]n contrast to the duty to defend, the duty to indemnify arises only where the insured is actually liable for harm or injury that is covered by the policy" (internal quotation marks omitted)).

To be clear, nowhere in the complaint does Hawley expressly allege injury due to reduced oxygen levels. However, the complaint does allege that Rogowski improperly modified the furnace, allowed debris to accumulate in the chimney, and failed to maintain properly functioning duct work. Those conditions are alleged to have contributed to the degraded indoor air quality of the residence, and—setting aside the merits of the claim—those conditions are not dependent on carbon monoxide exposure or the introduction of pollutants. Although degraded indoor air quality could occur based on the introduction of pollutants, the complaint alleges a theory of degraded indoor air quality that can reasonably be construed to be based on the absence of oxygen in the air not alleged to be caused by the introduction of pollutants. In other words, because "some allegations reasonably can be interpreted as falling within the coverage, the insurer owes a duty to defend—even if other allegations of conduct or damage are excluded." *Fred Shearer & Sons, Inc.*, 237 Or App at 478. Because the complaint alleges conduct that is covered by the policy, and because at least one plausible interpretation of the policy's pollutant exclusion does not exclude that conduct, Safeco has a duty to defend Rogowski. In sum, the trial court did not err in concluding that Safeco has a duty to defend Rogowski against the Hawley lawsuit. Accordingly, we affirm.

Affirmed.