**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIBERTY NORTHWEST INSURANCE CORPORATION, an Oregon corporation, | No. 24-7353 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-00181-AN |
| v. | |
| ATLANTIC SPECIALTY INSURANCE COMPANY, a New York corporation, as transferee of Bedivere Insurance Company, as successor to Onebeacon America Insurance Company/Lamorak Insurance Company, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| INTACT INSURANCE GROUP USA, LLC, a Delaware limited liability company, INTACT INSURANCE GROUP USA HOLDINGS INC., a Delaware limited liability company, HOMELAND INSURANCE COMPANY OF NEW YORK, a New York corporation, HOMELAND INSURANCE COMPANY OF DELAWARE, a Delaware corporation, OBI NATIONAL INSURANCE COMPANY, a Pennsylvania corporation, | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

OBI AMERICA INSURANCE
COMPANY, a Pennsylvania corporation,
GUARANTEE COMPANY OF NORTH
AMERICA, a Michigan corporation,

Defendants.

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Argued and Submitted February 3, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and DESAI, Circuit Judges.

Liberty Northwest Insurance Corporation ("Liberty") appeals a summary judgment in favor of Atlantic Specialty Insurance Company ("ASIC"). Liberty and ASIC [1] separately issued insurance policies [2] to TriQuint Semiconductor ("TriQuint"). TriQuint employee Pedro Domion, his wife, and his minor child sued TriQuint, alleging that Pedro's exposure to various chemical products and substances caused birth defects in the child. Liberty defended TriQuint in that action, but ASIC did not. This suit seeks declaratory judgment and damages relating to ASIC's failure to defend. We have jurisdiction under 28 U.S.C. § 1291. We reverse

---

[1]     ASIC is successor in interest to OneBeacon America Insurance Company, which issued the policies.

[2]     ASIC issued two insurance policies, one with a policy period from June 1, 2008, to June 1, 2009, and another with a policy period from June 1, 2009, to June 1, 2010. The relevant provisions in each policy are identical.

and remand.

Because a federal court sitting in diversity applies the substantive law of the forum state, we apply Oregon law. *Freund v. Nycomed Amersham,* 347 F.3d 752, 761 (9th Cir. 2003). "We review de novo a district court's order granting summary judgment and its interpretation of state law." *Garcia v. PacifiCare of Calif., Inc.*, 750 F.3d 1113, 1115 (9th Cir. 2014). When a district court resolves a case on cross-motions for summary judgment, we review both the grant of summary judgment for one party and the denial of summary judgment for the other. *Jones-Hamilton Co. v. Beazer Materials & Servs., Inc.*, 973 F.2d 688, 694 (9th Cir. 1992).

To determine if an insurer has a duty to defend, we compare the "four corners of the complaint" to the "four corners of the policy." *W. Hills Dev. Co. v. Chartis Claims, Inc.*, 385 P.3d 1053, 1055 (Or. 2016). "Regardless of the presence of ambiguity or unclarity in the complaint, the key question is whether the court can reasonably interpret the allegations to include an incident or injury that falls within the coverage of the policy." *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 293 P.3d 1036, 1039 (Or. 2012). Because "any doubt" as to whether an underlying complaint states a basis for coverage will be resolved in the insured's favor, an insurer has a duty to defend unless its policy unambiguously forecloses coverage. *W. Hills Dev. Co.*, 385 P.3d at 1060 n.5 (citation modified); *Rogowski v. Safeco Ins. Co. of Or.*, 473 P.3d 111, 114–15 (Or. Ct. App. 2020). Thus, "summary judgment for [Liberty]

3                                                                          24-7353

is required" unless ASIC can "conclusively show that the underlying claims *cannot* fall within policy coverage." *Anthem Elecs., Inc. v. Pac. Emps. Ins. Co.*, 302 F.3d 1049, 1060 (9th Cir. 2002).

Liberty and ASIC agree that the basic terms of ASIC's policy cover the allegations in the underlying complaint but dispute whether three policy exclusions foreclose coverage. Viewing the allegations in the underlying complaint in a light most favorable to the insured, we hold that ASIC had a duty to defend because the exclusions do not unambiguously foreclose coverage.

1.    The Employer's Liability Exclusion applies to bodily injury to an employee's child "as a consequence of" injury to the employee. However, the underlying complaint does not specify any mechanism of the minor child's injuries. Rather, it leaves open the possibility that the employee's minor child was injured without injury to the employee himself. Indeed, the underlying complaint alleges that TriQuint's ventilation, "industrial hygiene policies," and "personal protective equipment" were inadequate, suggesting that the employee may have brought the chemical products and substances home without sustaining injury himself. Resolving "[a]ny ambiguity [in the underlying complaint] in favor of the insured," the complaint thus "state[s] a basis for a claim" not excluded from coverage by the Employer's Liability Exclusion. *Bresee Homes*, 293 P.3d at 1039; *see Rogowski*, 473 P.3d at 116–17 (interpreting an underlying complaint to contain a covered

allegation even when the complaint failed to specify a plaintiff's mechanism of injury).

2.     The Pollution Exclusion applies to bodily injury from the "discharge, dispersal, seepage, migration, release or escape" of "pollutants." The underlying complaint does not allege that the chemical products and substances discharged, dispersed, seeped, migrated, released, or escaped. Instead, it alleges that the employee was "exposed" to the chemical products and substances while working with them inside TriQuint's facility. It would strain the plain meaning of the Pollution Exclusion to apply it to these exposures occurring in the vicinity of intended use. Therefore, the Pollution Exclusion does not unambiguously foreclose coverage.

3.     The Electromagnetic Radiation Endorsement applies to "injury . . . which . . . is alleged to have been caused by . . . Electromagnetic Radiation." The underlying complaint alleges that chemical products and substances caused the minor child's birth defects. This allegation is plainly not covered by the Electromagnetic Radiation Endorsement and thus the exclusion does not foreclose coverage. *Abrams v. Gen. Star Indem. Co.*, 67 P.3d 931, 935 (Or. 2003) (holding that if a complaint can be reasonably interpreted to contain a covered allegation, the insurer has a duty to defend even if the complaint also contains uncovered allegations).

We reverse the district court's grant of summary judgment for ASIC and remand with instructions to grant summary judgment for Liberty on its claim for declaratory relief and for further proceedings.

**REVERSED** and **REMANDED**.