Argued and submitted May 8, decision of the Court of Appeals reversed; judgment of
the circuit court affirmed July 12, 1994

ALLSTATE INSURANCE COMPANY,
*Respondent on Reconsideration/
Respondent on Review,*

*v.*

Thomas Walter STONE,
Geraldine M. Stone,
*Petitioners on Reconsideration/
Petitioners on Review,*

*and*

Wayne E. ALLEN,
Personal Representative of
the Estate of Vern Elwayne Allen, Deceased,
*Defendant.*

(CC 16-91-00979; CA A74443; SC S40579)

876 P2d 313

J. Michael Starr, of Starr & Vinson, P.C., Eugene, argued the cause and filed the petitions on behalf of petitioners on reconsideration/petitioners on review.

Philip R. McConville, of Brown, Roseta, Long & McConville, argued the cause on behalf of respondent on reconsideration/respondent on review.

Alfredo Wheelock, of Williams & Troutwine, P.C., Portland, filed *amicus curiae* briefs on behalf of Oregon Trial Lawyers Association.

UNIS, J.

**UNIS, J.**

In this declaratory judgment action, plaintiff Allstate Insurance Company (Allstate) seeks a judgment declaring that damages for personal injuries and loss of consortium suffered by defendants Thomas and Geraldine Stone, resulting from a collision between a semi-truck/trailer driven by Thomas Stone and an automobile driven by the insured, are not covered by the insured's automobile liability insurance policy that explicitly excludes coverage for "bodily injury or property damage caused intentionally by, or at the direction of, an insured person." The trial court concluded that the exclusion did not preclude coverage and entered a declaratory judgment in favor of defendants. The Court of Appeals reversed, holding that the exclusion did apply. *Allstate Ins. Co. v. Stone*, 122 Or App 202, 857 P2d 196 (1993). We allowed defendants' petition for review. We now reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

The facts are undisputed. On April 16, 1988, the insured committed suicide by driving his car northbound in the southbound lanes of Interstate 5, directly into the path of a semi-truck/trailer operated by defendant Thomas Stone. The insured made no attempt to avoid the collision and left no skid marks before impact. As a result of the collision, the insured was killed, and defendant Thomas Stone suffered serious bodily injuries. There was also substantial damage to defendant Thomas Stone's truck.

The parties stipulated that at all times in question the insured acted voluntarily and intentionally when he caused his car to collide with defendant Thomas Stone's truck. The parties further stipulated that the insured's acts were done with the purpose of taking his own life and that he had no subjective intent to harm or injure defendant Thomas Stone.

At the time of the collision, the insured maintained a motor vehicle liability insurance policy issued by Allstate. The policy specifically excludes coverage for "bodily injury or property damage *caused intentionally by*, or at the direction of, *an insured person*." (Emphasis added.)

 The exclusion for intentionally-caused injury applies when the insured intended to cause not only the event that resulted in the injury or harm, but also the resulting injury or harm itself:

> "It is not sufficient that the insured's intentional, albeit unlawful, acts have resulted in unintended harm; *the acts must have been committed for the purpose of inflicting the injury and harm* before either a policy provision excluding intentional harm applies or the public policy against insurability attaches." *Nielsen v. St. Paul Companies*, 283 Or 277, 281, 583 P2d 545 (1978) (emphasis added).

Whether a particular intentional act is excluded from coverage on this basis depends on the subjective intent of the insured, which is a question of fact. *See Snyder v. Nelson/Leatherby Ins.*, 278 Or 409, 416, 564 P2d 681 (1977) (summary judgment inappropriate when legitimate question of fact exists regarding insured's intent). This court has stated, however, that "[t]here are some intentional acts the nature of which is such that it must necessarily be concluded that there was an intention to injure." *Nielsen v. St. Paul Companies, supra*, 283 Or at 281. *See also Snyder v. Nelson/Leatherby Ins., supra*, 278 Or at 413 (an act may be so certain to cause a particular kind of harm that it can be said that a person who did such an act intended the harm); *City of Burns v. Northwestern Mutual*, 248 Or 364, 369, 434 P2d 465 (1967) (same).

Allstate contends that the insured's acts in this case are acts from which it must necessarily be inferred that he intended to injure defendants. The Court of Appeals agreed with Allstate, utilizing a "natural and ordinary consequences" test:

> "In *Nielsen v. St. Paul Companies*, [*supra*, 283 Or at 281], the court said, '[t]here are some intentional acts, the nature of which is such that it must necessarily be concluded that there was an intention to injure.' We have followed that reasoning when the *natural and ordinary consequence of an act is to cause harm*. If that requirement is met, it is immaterial that the person committing such acts did not subjectively intend to injure another, because 'an injurious intent is necessarily inferred.'
>
> "Injuries and property damage would naturally and certainly result when [the insured] intentionally drove his car head-on into a 77,000 pound semi-truck that was travelling

at 45 to 50 miles per hour. Therefore, we infer as a matter of law that [the insured] intended to injure the driver of the truck. Accordingly, the policy exclusion applies and plaintiff is not liable for defendants' claims." *Allstate Ins. Co. v. Stone, supra*, 122 Or App at 204-05 (citations omitted; emphasis added).

The approach taken by the Court of Appeals shifts the inquiry away from the subjective intent of the insured to an objective inquiry into the "natural and ordinary consequences" of the conduct. Such an approach is contrary to this court's prior decisions.

■ ■ The exclusion from coverage for intentional acts depends on the *subjective* intent of the insured. This court has rejected the objective "natural and ordinary" consequences approach to applying exclusions for intentionally-inflicted harms. *See City of Burns v. Northwestern Mutual, supra*, 248 Or at 371 (declining to apply presumption that individual intends the ordinary consequences of his or her voluntary act in applying insurance policy exclusion for intentionally-inflicted injuries). *See also Snyder v. Nelson/Leatherby Ins., supra*, 278 Or at 415-16 (although the inference that an individual intends the natural consequences of his or her act is a *permissible* inference, it is not a *necessary* one). In other words, the court should only infer that the insured had a subjective intent to cause harm or injury as a matter of law when such subjective intent·is the only reasonable inference that may be drawn from the insured's conduct. *See Nielsen v. St. Paul Companies, supra*, 283 Or at 281 (exclusion did not apply when there were no allegations from which it *must* be concluded that insured had intention to injure). ·

■ ■ In this case, the parties stipulated that the insured did *not* have a subjective intent to cause the injuries suffered by defendants. The parties' stipulation regarding that question of fact is binding on the courts. *See Norris and Norris*, 302 Or 123, 125, 727 P2d 115 (1986) ("when the facts are stipulated, the court is bound by them, and the case must be decided upon said facts and such other evidence as may be adduced" (quoting *Crouch v. Central Labor Council*, 134 Or 612, 616, 293 P 729 (1930)). Because the parties' stipulation established that the insured did not intend to injure or harm defendants, this case presents no issue regarding whether the

insured's subjective intent to cause injury must necessarily be inferred from the conduct of the insured. The parties' stipulation that the insured did not have a subjective intent to cause the injuries suffered by defendants leaves no room for the court to make any factual inference to the contrary. Therefore, the Court of Appeals erred by ignoring the parties' stipulation and applying an objective test to determine whether the insured's conduct was excluded from coverage.

In this case, the insured did not subjectively intend to cause the injuries and harm suffered by defendants. Accordingly, the provision in the insured's automobile liability policy excluding coverage for intentionally-caused injury does not apply.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.