Argued and submitted May 9, decision of the Court of Appeals affirmed on different
grounds; judgment of the circuit court affirmed July 29, 1994

Bill R. LEDFORD,
*Plaintiff,*

*v.*

Peter C. GUTOSKI
and Raymond A. Kuhl,
*Defendants.*

Raymond A. KUHL,
*Petitioner on Review,*

*v.*

NORTHWEST FARM BUREAU
INSURANCE COMPANY,
*Respondent on Review.*

(CC 16-90-07552; CA A73578; SC S40708)

877 P2d 80

P. Scott McCleery, of Doyle, Gartland, Nelson & McCleery, P.C., Eugene, argued the cause and filed the petition on behalf of petitioner on review.

Larry Dawson, Portland, argued the cause on behalf of respondent on review.

UNIS, J.

## UNIS, J.

This is an action for defense costs and indemnity brought by Raymond Kuhl as third-party plaintiff against his insurer, Northwest Farm Bureau Insurance Company (Northwest), as third-party defendant. Kuhl was a defendant in an action for malicious prosecution filed by Bill Ledford, in which the complaint (the Ledford complaint) alleged that Kuhl had willfully and maliciously instituted a prosecution of plaintiff because Kuhl "intended to harass, annoy, harm and cause expense to" Ledford and that Kuhl acted "for the purpose of injuring" Ledford.

Kuhl tendered defense of Ledford's claim to Northwest. Kuhl's homeowner's policy provided in part that Northwest would pay "on behalf of an insured for damages resulting from bodily injury or property damage caused by an occurrence, if the insured is legally obligated." The policy defined "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." Northwest refused to defend the malicious prosecution claim because, in its view, the Ledford complaint alleged intentional conduct that was outside the policy's coverage.

The malicious prosecution action settled, and Kuhl then filed a third-party complaint against Northwest seeking indemnity and defense costs. The trial court entered summary judgment for Northwest. The Court of Appeals affirmed, holding that Northwest had no duty to defend the claim or to indemnify Kuhl. *Ledford v. Gutoski*, 121 Or App 226, 855 P2d 196 (1993). We allowed Kuhl's petition for review. We affirm the decision of the Court of Appeals on different grounds and affirm the judgment of the trial court.

### DUTY TO DEFEND

■■ Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy. *Oakridge Comm. Ambulance v. U. S. Fidelity*, 278 Or 21, 24, 563 P2d 164 (1977). An insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without

amendment, impose liability for conduct covered by the policy. *Nielsen v. St. Paul Companies*, 283 Or 277, 280, 583 P2d 545 (1978); *Oakridge Comm. Ambulance v. U. S. Fidelity, supra*, 278 Or at 24; *Ferguson v. Birmingham Fire Ins.*, 254 Or 496, 507, 460 P2d 342 (1969).

■ ■     In evaluating whether an insurer has a duty to defend, the court looks only at the facts alleged in the complaint to determine whether they provide a basis for recovery that could be covered by the policy:

> "If the facts alleged in the complaint against the insured do not fall within the coverage of the policy, the insurer should not have the obligation to defend. If a contrary rule were adopted, requiring the insurer to take note of facts other than those alleged, the insurer frequently would be required to speculate upon whether the facts alleged could be proved. We do not think this is a reasonable interpretation of the bargain to defend. It is more reasonable to assume that the parties bargained for the insurer's participation in the lawsuit only if the action brought by the third party, if successful, would impose liability upon the insurer to indemnify the insured." *Isenhart v. General Casualty Co.*, 233 Or 49, 54, 377 P2d 26 (1962).

An insurer should be able to determine from the face of the complaint whether to accept or reject the tender of the defense of the action. *Ferguson v. Birmingham Fire Ins., supra*, 254 Or at 505-06.

■     The insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage. *Nielsen v. St. Paul Companies, supra*, 283 Or at 280. Even if the complaint alleges some conduct outside the coverage of the policy, the insurer may still have a duty to defend if certain allegations of the complaint, without amendment, could impose liability for conduct covered by the policy. *Ferguson v. Birmingham Fire Ins., supra*, 254 Or at 506-07. Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured. *Blohm et al v. Glens Falls Ins. Co.*, 231 Or 410, 416, 373 P2d 412 (1962). We must determine whether the facts alleged in the Ledford complaint may reasonably be interpreted to include conduct within the coverage of Northwest's policy.

■ The Ledford complaint alleged that Kuhl signed a criminal complaint against Ledford accusing Ledford of committing numerous crimes. The Ledford complaint further alleged that all of the charges against Ledford either were dismissed or resulted in acquittal. The Ledford complaint also alleged that Kuhl acted without probable cause in initiating the criminal prosecution against Ledford because Ledford did not commit the crimes alleged in the criminal complaint and that Kuhl knew that the charges were false. The Ledford complaint also alleged:

> "[Kuhl] acted maliciously and wilfully in instituting the prosecution of [Ledford] in that [he] intended to harass, annoy, harm and cause expense to [Ledford.]"

Northwest contends that it had no duty to defend because the policy provides coverage only for accidents "which result[] in bodily injury or property damage neither expected nor intended from the standpoint of the insured," and that the conduct alleged in the complaint falls outside the coverage in that policy because the damage suffered was either intended or expected by Kuhl.

■ Despite variations in the language of the policies, this court has interpreted various policy provisions excluding insurance coverage for intentionally-caused injuries similarly. *See, e.g., Allstate Ins. Co. v. Stone*, 319 Or 275, 277, 876 P2d 313 (1994) (policy excluding "bodily injury or property damage caused intentionally by, or at the direction of, an insured person"); *Snyder v. Nelson/Leatherby Ins.*, 278 Or 409, 413, 564 P2d 681 (1977) (policy covering injuries "caused by accident"); *Nielsen v. St. Paul Companies, supra*, 283 Or at 279 (policy covering "bodily injury or property damage neither expected nor intended from the standpoint of the Insured"). *Cf. Isenhart v. General Casualty Co., supra*, 233 Or at 53 (applying same analysis to policy without provision excluding coverage for intentionally-inflicted injuries because coverage of such injuries would be against public policy). Injuries resulting from intentional acts are excluded from insurance coverage when the insured intended to cause the particular injury or harm, as opposed to merely intending the act. *E.g., Allstate Ins. Co. v. Stone, supra*, 319 Or at 278. For an exclusion from insurance coverage for intentional conduct to apply, "[i]t is not sufficient that the insured's

intentional, albeit unlawful, acts have resulted in unintended harm; the acts must have been committed *for the purpose of inflicting the injury and harm* before either a policy provision excluding intentional harm applies or the public policy against insurability attaches." *Nielsen v. St. Paul Companies, supra*, 283 Or at 281 (emphasis added).

The Ledford complaint specifically alleged that Kuhl "intended to harass, annoy, harm and cause expense" to Ledford. Those are allegations that Kuhl committed acts outside the coverage of the policy, namely acts committed for the purpose of causing the harm or injury.

Kuhl argues that there are instances in which liability on a malicious prosecution claim can be established even though the defendant did not have a subjective intent to cause harm or injury to the plaintiff. The Court of Appeals rejected Kuhl's argument, inferring a purpose to injure or harm from the general nature of the tort of malicious prosecution. The Court of Appeals stated:

> "We believe that instituting a criminal proceeding against another for a purpose other than that of achieving justice is, by its nature, an act from which the intent to do harm must necessarily be inferred. When a person purposefully instigates an unfounded criminal proceeding, the natural and ordinary consequence of that act is to cause the accused to incur the expense of defending against the charge, as well as to endure the mental anguish, inconvenience, embarrassment and humiliation that are likely to accompany the prosecution." *Ledford v. Gutoski, supra*, 121 Or App at 232.

Kuhl's argument and the response by the Court of Appeals miss the point in evaluating the duty to defend. In analyzing the duty to defend, a court's focus should be on the conduct alleged in the complaint. Unless the complaint alleges conduct that could be covered by the policy, the duty to defend does not arise. In this case, the Ledford complaint alleged that Kuhl *did* subjectively intend to cause injury or harm to Ledford. The Ledford complaint did not allege, and without amendment would not permit proof, that Kuhl instituted the criminal action against Ledford for some "malicious" purpose other than to "harass, annoy, harm and cause expense to" Ledford. Because the complaint alleged only that

Kuhl subjectively intended to harm or injure Ledford, it is irrelevant whether or not a claim for malicious prosecution could, in theory, be sustained where the defendant did not have a subjective intent to cause harm or injury to the plaintiff. The Ledford complaint alleged only conduct that clearly falls outside the coverage of the policy. Therefore, Northwest had no duty to defend the malicious prosecution action against Kuhl.

## DUTY TO INDEMNIFY

■   Kuhl's third-party complaint also seeks indemnity for the settlement that Kuhl reached with Ledford. The duty to indemnify is independent of the duty to defend. *City of Burns v. Northwestern Mutual*, 248 Or 364, 368, 434 P2d 465 (1967). Even when an insurer does not have a duty to defend based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered. *Id.* at 368-69.

■■ Northwest argues that it has no duty to indemnify Kuhl because coverage is precluded by the exclusion for intentionally-caused injuries. In order for the exclusion for intentionally-caused injuries to apply, the insured must intend to cause the particular harm or injury. *Allstate Ins. Co. v. Stone, supra*, 319 Or at 278. Whether particular conduct is excluded from coverage depends on the subjective intent of the insured, which is a question of fact. *Id.*

■   In order for summary judgment to be appropriate on the duty to indemnify, there must be no genuine issue of material fact, and the moving party must be entitled to judgment as a matter of law. ORCP 47 C; *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 100 (1978). In this case, the underlying malicious prosecution action was settled, and no trial was held to determine Kuhl's subjective intent in instituting the criminal prosecution of Ledford. The only evidence before us on this motion for summary judgment is the Ledford complaint, the existence of the settlement, and an affidavit from Kuhl's attorney. The affidavit states that although Kuhl denied instituting the criminal prosecution for a purpose other than to bring Ledford to justice, Kuhl

entered into the settlement because "on a cost benefit analysis it made no sense to continue defending and try the case."

Kuhl argues that, based on the evidence in the record, summary judgment is inappropriate because a question of fact remains as to his subjective intent in instituting the criminal action against Ledford. Northwest argues that summary judgment is appropriate because, as a matter of law, an intent to harm must be inferred from Kuhl's conduct.

In *Nielsen v. St. Paul Companies, supra,* 283 Or at 281, this court, applying a policy exclusion for intentional injuries, stated that "[t]here are some intentional acts the nature of which is such that it must necessarily be concluded that there was an intention to injure." The Court of Appeals has interpreted *Nielsen* as creating a presumption that the insured had an intent to injure when the "natural and ordinary consequence" of the insured's conduct is to cause the harm or injury. *Ledford v. Gutoski, supra,* 121 Or App at 232. That approach injects an objective element into the inquiry.

In *Allstate Ins. Co. v. Stone, supra,* 319 Or at 279, we rejected the objective approach taken by the Court of Appeals. We stated that "the court should only infer that the insured had a subjective intent to cause harm or injury as a matter of law when such subjective intent is the only reasonable inference that may be drawn from the insured's conduct." *Id.*

The Ledford complaint alleges that Ledford was harmed by being subjected to an unjustifiable criminal prosecution. Liability for instituting an unjustifiable criminal prosecution arises only if a claim for malicious prosecution can be established. One necessary element of a malicious prosecution claim is that the prosecution was instituted by the defendant with "malice," which is defined as any primary purpose other than to bring a person to justice. *Rogers v. Hill,* 281 Or 491, 497, 576 P2d 328 (1978); *Fleet v. May Dept. Stores, Inc.,* 262 Or 592, 601, 500 P2d 1054 (1972).

The only justifiable primary purpose for bringing a criminal action is to bring a person to justice. A necessary element to establish liability for malicious prosecution is that the defendant acted for some other (*i.e.,* unjustifiable) primary purpose. In other words, every time the defendant is

found liable for malicious prosecution, he or she, by definition, has acted with a subjective intent to cause the harm of subjecting the plaintiff to an unjustifiable prosecution. The only reasonable inference that may be drawn from the defendant instituting a criminal prosecution for some primary purpose other than to bring the plaintiff to justice is that the defendant had a subjective intent to cause harm or injury to the plaintiff.

Our conclusion that a subjective intent to harm is a necessary inference from Kuhl's conduct stems from the nature of the tort of malicious prosecution. The subjective intent of the defendant is an element of malicious prosecution. That is not the case with respect to some other intentional torts, such as battery, as to which this court has concluded that the inference of an intent to cause harm does not apply. Those other intentional torts have "lesser included torts," such as negligence, under which liability may be imposed for similar conduct without any subjective intent to cause harm. *See Nielsen v. St. Paul Companies, supra*, 283 Or at 281 (trespass and battery); *Snyder v. Nelson/Leatherby Ins., supra*, 278 Or at 415-16 (battery).

In order for the duty to indemnify to arise, the insured must be liable for harm or injury that is covered by the policy. The record in this case does not indicate whether Kuhl was in fact liable to Ledford for malicious prosecution. Whether or not Kuhl was in fact liable, however, Northwest has no duty to indemnify. If Kuhl was actually liable for malicious prosecution, there is no duty to indemnify because acts committed with the subjective intent of causing harm or injury are excluded from coverage. On the other hand, if Kuhl was not in fact liable for malicious prosecution, there is no duty to indemnify because Kuhl was not legally obligated to pay money to Ledford. Therefore, because under either circumstance Kuhl was not obligated to pay Ledford for an injury covered by the policy, as a matter of law, Northwest had no duty to indemnify Kuhl for the settlement with Ledford.

The decision of the Court of Appeals is affirmed on different grounds. The judgment of the circuit court is affirmed.