81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WASHINGTON COUNTY UNIFIED SEWERAGE AGENCY, an Oregon
municipal corporation, Plaintiff-Appellant,
v.
FIRST STATE INSURANCE COMPANY, et al., Defendants,
and
Wausau Underwriters Insurance Company, a Wisconsin
corporation, Defendant-Appellee.
WASHINGTON COUNTY UNIFIED SEWERAGE AGENCY, an Oregon
municipal corporation, Plaintiff-Appellee,
v.
FIRST STATE INSURANCE COMPANY, et al., Defendants,
and
Wausau Underwriters Insurance Company, a Wisconsin
corporation, Defendant-Appellant.
 Nos. 94-36227, 95-35003.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1996.
Decided March 28, 1996.
 
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Washington County Unified Sewerage Agency (WCUSA) and Wausau Underwriters Insurance Company cross-appealed the judgment of the district court awarding damages to WCUSA for the alleged breach of an insurance contract by Wausau. WCUSA claims that the damages awarded by the court were too small because they did not compensate for the full amount required by the contract; Wausau, on the other hand, asserts that the district court erred when it found that Wausau had breached the contract in any respect. We agree with Wausau and reverse.
 
 
 3
 1. The insurance policy obligated Wausau to pay on WCUSA's behalf "all sums which [WCUSA] shall become legally obligated to pay as damages because of ... property damage ... to which this insurance applies...." (emphasis added).
 
 
 4
 2. Northwest Environmental Defense Center (NEDC) sued WCUSA pursuant to the Clean Water Act. 33 U.S.C. §§ 1251 et seq.[1] NEDC claimed that WCUSA had violated discharge permits under the CWA thousands of times. It sought the only relief it could seek under the CWA, that is: "injunctive relief and/or ... civil penalties payable to the United States Treasury. § 1365(a)." Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 53, 108 S.Ct. 376, 379, 98 L.Ed.2d 306 (1987); see also Sierra Club, Inc. v. Electronic Controls Design, 909 F.2d 1350, 1354 (9th Cir.1990); Sierra Club, Inc. v. Chevron, U.S.A., Inc., 834 F.2d 1517, 1522 (9th Cir.1987).
 
 
 5
 Wausau refused to defend the action because, it asserted, the NEDC claims were not covered by the terms of the policy. Thereafter, WCUSA settled with NEDC and agreed to pay substantial sums "in lieu of penalties," to an endowment fund designed to benefit the waters of the Tualitin Basin, and to others. We have approved of similar settlements because, as we have said, "[w]hen a defendant agrees before trial to make payments to environmental organizations without admitting liability, the agreement is simply part of an out-of-court settlement which the parties are free to make." Electronic Controls Design, 909 F.2d at 1354.[2] The district court determined that the amount paid was a penalty. WCUSA then sought to recoup those payments from Wausau in this action.
 
 
 6
 3. Because the complaint was for civil penalties, Wausau cannot be held liable under the insurance contract unless the State of Oregon would construe the word "damages" to include civil penalties. The Oregon courts have not spoken to the precise issue. They, like many other courts, have said that cleanup costs, which are recognized as a part of general equitable relief, are damages. See St. Paul Fire & Marine Ins. Co., Inc. v. McCormick & Baxter Creosoting Co., 870 P.2d 260, 266-67 (Or.App.1994), rev. granted, 907 P.2d 248 (1995); see also A.Y. McDonald Indus. v. Insurance Co. of North America, 475 N.W.2d 607, 620 (Iowa 1991); AIU Ins. Co. v. Superior Court, 51 Cal.3d 807, 825-28, 799 P.2d 1253, 1267-69, 274 Cal.Rptr. 820, 834-36 (1990). None of those cases implicated the provisions of the CWA, which limit monetary relief to civil penalties.
 
 
 7
 However, a number of courts have held that the word "damages" does not encompass civil penalties. See Travelers Ins. Co. v. Waltham Indus. Lab. Corp., 883 F.2d 1092, 1099 (1st Cir.1989); Township of Gloucester v. Maryland Casualty Co., 668 F.Supp. 394, 401-02 (D.N.J.1987); A.Y. McDonald Indus., 475 N.W.2d at 626; cf., City of Fort Pierre v. United Fire and Casualty Co., 463 N.W.2d 845, 848-49 (S.D.1990). As the district court said in Travelers Ins. Co. v. Waltham Indus. Lab.:
 
 
 8
 It is beyond peradventure that damages are distinct from penalties. The term "damages" refers to the loss suffered by an injured party expressed in a dollar amount. Unlike damages, penalties are not designed to compensate an injured party, but are designed to deter conduct deemed undesirable by the legislature.
 
 
 9
 722 F.Supp. 814, 827-28 (D.Mass.1988), aff'd in part, rev'd in part on other grounds, 833 F.2d 1092, 1099 (1st Cir.1989) (internal citation omitted). In our opinion, Oregon would follow that sensible line of authority.[3]
 
 
 10
 4. There can be no doubt that the monetary relief sought in this case was for civil penalties. It had to be. Indeed, the parties declared that the settlement was in lieu of civil penalties, and the court declared that the settlement was for civil penalties. Nor did the settlement somehow metamorphose civil penalties, which were not covered by the policy, into damages, which were. In the first place, the payments were not because of property damage, but were, at best, in lieu of penalties and for the purpose of ending a piece of litigation. In the second place, the payments could not be an actual CWA recovery; that would have had to go to the government. Payment of the amount was not prohibited by CWA because the payment would foster rather than undercut CWA's purposes. See Electronic Controls Design, 909 F.2d at 1355-56. But the payment and settlement were still so removed from CWA that they would not even interfere with later actions against WCUSA for the selfsame violations. See, id. at 1356 n. 8. Therefore, because the payments in question were not damages, Wausau had no duty to defend or indemnify. See Ledford v. Gutoski, 877 P.2d 80, 82-83 (Or.1994) (duty to defend); id. at 84-85 (duty to indemnify). The judgment in favor of WCUSA must be reversed; judgment should have been entered in favor of Wausau.
 
 
 11
 REVERSED and REMANDED for entry of judgment in favor of Wausau.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 NEDC also sued under Oregon's Water Pollution Control Act, Ore.Rev.Stats. § 468B.035, but that claim was simply parasitic on the CWA claim--it added no new rights or remedies
 
 
 [2]
 The agreement at hand may not literally come within these parameters because it virtually admits liability. Nevertheless, that issue is not before us
 
 
 [3]
 We see no particular significance to the fact that Oregon will allow insurance coverage for some punitive damage claims. See Harrell v. Travelers Indem. Co., 567 P.2d 1013, 1021 (Or.1977). Punitive damages, punitive though they may be, have a compensatory aspect to them and, indeed, cannot be the sole amount sought in an action. They simply cannot be recovered absent a compensatory recovery. See Crouter v. United Adjusters, Inc., 485 P.2d 1208, 1215-16, (Or.1971); Building Structures, Inc. v. Young, 883 P.2d 1308, 1311 (Or.App.1994), rev. granted, 890 P.2d 993 (1995). Civil penalties are nothing of the kind. They require no showing of harm or right to compensatory amounts. They are simply fines levied upon individuals for their acts, even if those acts led to no damage at all beyond the injury felt by an outraged government