Argued and submitted January 10, affirmed May 24, 2000

STATE FARM FIRE AND CASUALTY COMPANY,
*Respondent,*

*v.*

Richard Allan PARKER,
*Defendant,*

*and*

Colleen E. CLARKE,
Personal Representative of
the Estate of Glen Franklin Clarke,
*Appellant.*

(98-1612-L2; CA A105977)

1 P3d 498

Kelly L. Andersen argued the cause and filed the briefs for appellant.

J. Philip Parks argued the cause for respondent. With him on the brief were J. Marie Bischman and Parks, Bauer, Sime & Winkler LLP.

Before Landau, Presiding Judge, and Haselton and Linder, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff, State Farm Fire and Casualty Company (State Farm), initiated this action for a declaratory judgment as to whether it is obligated to defend and to provide insurance coverage for any liability arising out of a wrongful death action against its insured, defendant Richard Allan Parker. The trial court entered summary judgment declaring that State Farm is not obligated to provide coverage. We affirm.

State Farm insured Parker under a homeowners insurance policy. The policy contained an exclusion for "[b]odily injury or property damage * * * which is either expected or intended by an insured."

Defendant Colleen E. Clarke, as personal representative of the Estate of Glen Franklin Clarke, filed a complaint for wrongful death against Parker. According to the allegations of that complaint, Parker shot and killed Glen Clarke. The complaint further alleges that:

> "Just immediately before [Parker] shot the decedent, [Parker] 'snapped' mentally and committed an act which he would not have committed under other circumstances."

The complaint then alleges that Parker was negligent and that he "did not intend, in the larger scope of life's issues, to injure or kill the decedent." Parker tendered defense of the case to State Farm.

Meanwhile, Parker was charged with murder. He asserted a defense of extreme emotional disturbance. In that criminal case, the trial court found that Parker, in fact, did act under the influence of an extreme emotional disturbance and, on that basis, found him guilty of first-degree manslaughter.

State Farm denied the tender and initiated this action, naming as defendants both Colleen Clarke and Parker. State Farm filed a motion for summary judgment, contending that the manslaughter conviction established conclusively the intentional nature of Parker's actions, thus triggering the policy's exclusion for bodily injury intentionally caused by an insured. Clarke also moved for summary judgment. The trial court granted State Farm's motion,

denied Clarke's motion, and entered judgment declaring that State Farm had no obligation to defend.

■ On appeal, Clarke contends that the trial court erred, because the criminal conviction was based on a finding of extreme emotional disturbance. According to Clarke, the affirmative defense of extreme emotional disturbance necessarily involves unintentional conduct. Thus, she concludes, the manslaughter conviction does not preclude coverage under Parker's homeowners policy.

■ A criminal conviction may conclusively establish that an insured engaged in "intentional" conduct, thus triggering an insurance policy exclusion for intentional acts. *See State Farm Fire & Cas. v. Reuter*, 299 Or 155, 159-60, 700 P2d 236 (1985). In this case, Parker was convicted of first-degree manslaughter. Criminal homicide constitutes first-degree manslaughter when, among other things, "[i]t is committed intentionally by a defendant under the influence of extreme emotional disturbance." ORS 163.118(1)(b). For purposes of the Oregon Criminal Code, an individual acts "intentionally" when he or she "acts with a conscious objective to cause the result or to engage in the conduct" with which he or she is charged. ORS 161.085(7). Thus, the focus of the statute is the extent to which the defendant intends the result, as opposed to merely intending the act that caused the result.

■ Parker's insurance policy contains an exclusion for injury that is "intended by an insured." The focus also is on the extent to which the insured intended the injury, as opposed to merely intending the act that caused the injury. *See, e.g., Ledford v. Gutoski*, 319 Or 397, 401, 877 P2d 80 (1994) ("Injuries resulting from intentional acts are excluded from insurance coverage when the insured intended to cause the particular injury or harm, as opposed to merely intending the act.").

We reject Clarke's argument that the trial court's finding that Parker had acted under the influence of an extreme emotional disturbance in effect negated the element of intent that is inherent in a first-degree manslaughter conviction. It is well-settled that proof of an extreme emotional disturbance is a mitigating factor that has the effect of reducing the crime of murder to first-degree manslaughter; it does

not negate the element of intent. *See, e.g., State v. Gaynor*, 130 Or App 99, 105, 880 P2d 947 (1994), *rev den* 320 Or 508 (1995) (so holding).

We conclude that the trial court did not err in denying Clarke's motion for summary judgment and in granting State Farm's motion.

Affirmed.