NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNEST DESROSIERS, | No. 10-35773 |
| Plaintiff-counter-defendant - Appellant, | D.C. No. 3:09-cv-01201-PK |
| v. | MEMORANDUM[*] |
| HUDSON SPECIALTY INSURANCE COMPANY, | |
| Defendant-third-party-plaintiff-cross-claimant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak, Magistrate Judge, Presiding

Argued and Submitted June 6, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Ernest Desrosiers sued Hudson Specialty Insurance Company ("Hudson") to

recover on a judgment previously obtained against Hudson's insured, Mary's Fine

Food, Inc. ("Mary's Club"), corporate owner of the Portland bar Mary's Club.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

That previous action was for injuries that Desrosiers sustained outside Mary's Club allegedly inflicted by bar patron Paul Whisenhunt after he had been served alcohol in excessive quantity. Hudson refused to defend Mary's Club because it determined that Desrosiers' claims fell within the scope of the insurance policy's exclusion for injuries arising from assaults or batteries. The personal injury suit settled, and Mary's Club assigned to Desrosiers its rights against Hudson for indemnity and breach of the duty to defend. In Desrosiers' present action seeking to enforce those rights against Hudson, the district court granted summary judgment to Hudson, concluding that Hudson had neither a duty to defend nor a duty to indemnify Mary's Club under the policy. *Desrosiers v. Hudson Specialty Ins. Co.*, No. 09-1201, 2010 WL 3218584, *4–6 (D. Or. Aug. 13, 2010).[1] Desrosiers appealed. Our jurisdiction is pursuant to 28 U.S.C. § 1291, and we reverse.

Hudson had a duty to defend Mary's Club. Oregon law provides that "[a]n insurer has a duty to defend an action against its insured if the claim against the insured stated in the complaint could, without amendment, impose liability for

---

[1] Hudson removed the case from state court, and the district court had diversity jurisdiction because this post-judgment collection effort is not a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1). *See Beckham v. Safeco Insurance Co. of America*, 691 F.2d 898, 900–02 (9th Cir. 1982).

2

conduct covered by the policy." *Ledford v. Gutoski*, 877 P.2d 80, 82 (Or. 1994). "The insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage. . . . Any ambiguity in the complaint with respect to whether the allegations could be covered is resolved in favor of the insured." *Id.* at 83 (emphasis in original). Here, the complaint pled alternative theories: first, that Desrosiers's injuries were caused by the negligence of both Whisenhunt and Mary's Club; and, second, that Whisenhunt intentionally attacked Desrosiers. *See* Or. R. Civ. P. 16(c) (permitting the pleading of inconsistent theories). The negligence allegations triggered Hudson's duty to defend because the policy exception covers assault and battery, which are intentional torts, *see Cook v. Kinzua Pine Mills Co.*, 293 P.2d 717, 723 (Or. 1956), so the allegation that Desrosiers's injuries were caused by Whisenhunt's negligence falls outside the scope of the policy's exclusion.

We reject Hudson's argument that the complaint's factual allegations are inconsistent with the possibility that Whisenhunt negligently struck Desrosiers. A rational jury could have found that an intoxicated Whisenhunt was incapable of forming the requisite intent to commit assault or battery. *See Hunter v. Farmers Ins. Co.*, 898 P.2d 201, 207 (Or. Ct. App. 1995) (affirming that a drunk bar patron was reasonably found not to have intended injury from punching someone in the

3

face).  That the complaint describes the incident as an "assault" does not preclude coverage because that term appears only within the second claim for relief, which states the alternative theory of an intentional attack.  *See Ledford*, 877 P.2d at 83 ("Even if the complaint alleges some conduct outside the coverage of the policy, the insurer may still have a duty to defend.").

Hudson concedes that if it breached its duty to defend then it must indemnify.  We agree that an insurer that breaches its duty to defend may not later argue that it has no duty to indemnify.  *See Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 917 P.2d 1025, 1029 (Or. Ct. App. 1996) ("When an insurer wrongfully refuses to defend its insured on a claim that could impose liability covered by the policy and the insured, acting in its own defense, reasonably settles the claim, the insurer is liable for the amount of the settlement.").  We therefore direct the district court, on remand, to calculate Desrosiers' damages and to enter judgment for him.

**REVERSED** and **REMANDED**.