**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARRIS THERMAL TRANSFER PRODUCTS, INC., | No. 10-35712 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00718-PK |
| v. | MEMORANDUM[*] |
| JAMES RIVER INSURANCE COMPANY, | |
| Defendant - Appellee. | |
| HARRIS THERMAL TRANSFER PRODUCTS, INC., | No. 10-35749 |
| Plaintiff - Appellee, | D.C. No. 3:09-cv-00718-PK |
| v. | |
| JAMES RIVER INSURANCE COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Paul Papak, Magistrate Judge, Presiding

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 13, 2011
Portland, Oregon

Before: BERZON and N.R. SMITH, Circuit Judges, and SMITH, District Judge.[**]

Harris Thermal Transfer Products, Inc. (Harris Thermal) and James River Insurance Company (James River) cross-appeal from the district court's grant of summary judgment in favor of James River and the district court's denial of Harris Thermal's motion for summary judgment. We review *de novo* a district court's ruling on cross-motions for summary judgment. *Redevelopment Agency of City of Stockton v. BNSF Ry. Co.*, 643 F.3d 668, 672 (9th Cir. 2011).

From the allegations in Delta-T's counterclaims, it is plain that Delta-T's claims "directly . . . [arose] out of or result[ed] from the design or manufacture of any goods or products . . . sold or supplied by [Harris Thermal]." Thus, these claims fall squarely within the coverage exclusion set forth in Section III(j) of the policy that Harris Thermal held with James River. Further, Delta-T's claims are, as alleged, attributable to "faulty workmanship, construction[,] or work not in accordance with [design specifications]." Thus, Delta-T's claims also squarely fall within the coverage exclusion set forth in Section III(8). Either exclusion is sufficient to negate James River's duty to defend. Accordingly, with respect to the

[**] The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

2

duty to defend claim, we affirm the district court's grant of summary judgment in favor of James River and affirm its denial of Harris Thermal's cross-motion.

Moreover, we affirm the district court's *sua sponte* dismissal of the indemnity claim because the underlying action plainly is not covered by the policy in light of these two coverage exclusions. As we have been informed that the underlying action has settled, there is no further information to be gleaned that could give rise to a duty to indemnify under this policy. *See Ledford v. Gutoski*, 877 P.2d 80, 84 (Or. 1994) (noting that, where an insurer does not have a duty to defend based on the facts alleged in the complaint, it may still be possible to demonstrate a duty to indemnify based on the facts proven at trial); *see also Weber v. Chicago Title Ins. Co. of Oregon*, 7 P.3d 714, 716 (Or. Ct. App. 2000) (noting that an insurer's duty to defend generally is broader than its duty to indemnify).

Because we affirm the district court on these grounds, we do not reach the other issues raised by Harris Thermal on appeal, nor those raised by James River in its cross-appeal.

**AFFIRMED.**