**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREENWICH INSURANCE
COMPANY,

          Defendant-third-party-
plaintiff - Appellant,

  v.

SHARON BANKOFIER; DUANE
BANKOFIER,

          Third-party-defendant -
Appellees.

No. 13-35127

D.C. No. 3:12-cv-00200-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 7, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

Greenwich Insurance Company ("Greenwich Insurance") appeals the district

court's summary judgment in favor of Sharon and Duane Bankofier ("the

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Bankofiers") in a diversity case brought by Oregon Realty against Greenwich Insurance. The district court ruled that Greenwich Insurance had a duty to defend the Bankofiers in an underlying lawsuit then pending in Oregon state court. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Oregon law,

> [w]hether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy.
> . . . .
> The insurer has a duty to defend if the complaint provides *any basis* for which the insurer provides coverage.

*Ledford v. Gutoski*, 877 P.2d 80, 82–83 (Or. 1994) (internal citations omitted).

Under Oregon Realty's insurance policy, Greenwich Insurance had a duty to defend claims arising "in the performance of real estate services." Here, the allegations in the complaint were sufficient to trigger Greenwich Insurance's duty to defend the Bankofiers because the complaint contained allegations of "real estate services" related to the sale of the property. Among other things, the complaint alleges that the Bankofiers negligently structured the sale of the property to facilitate the subsequent investment of the sale proceeds. Thus, because the

2

complaint provided a basis for which there is coverage, Greenwich Insurance had a duty to defend the Bankofiers.

Greenwich Insurance's arguments that Exclusions E and J in the insurance policy bar coverage are unpersuasive.  Exclusion E is inapplicable. Because the definition of the terms in Exclusion J are ambiguous, they should be construed in favor of the insured.  "[I]f the policy is ambiguous, we are required to apply the rule that insurance policies are to be construed against the drafter." *Cain Petroleum Inc. v. Zurich Am. Ins. Co.*, 224 Or. App. 235, 241–42 (2008) (citing *Hoffman Constr. Co. v. Fred S. James & Co.*, 836 P.2d 703 (Or. 1992)).

**AFFIRMED**.