**NOT FOR PUBLICATION**

MAY 13 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NORTHWEST PIPE COMPANY, an Oregon corporation, FKA Northwest Pipe & Casing Company, | No. 14-35542 |
| | D.C. No. 3:09-cv-01126-BR |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM* |
| RLI INSURANCE COMPANY, an Illinois corporation, | |
| Defendant-third-party-plaintiff - Appellant, | |
| v. | |
| ACE FIRE UNDERWRITERS INSURANCE COMPANY, a Pennsylvania company; et al., | |
| Third-party-defendant - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 2, 2016
Portland, Oregon

Before: GOODWIN, TALLMAN, and HURWITZ, Circuit Judges.

RLI Insurance Company ("RLI") appeals the district court's Rule 54(b) Final Judgment in an insurance coverage action brought by Northwest Pipe Company ("NW Pipe") against RLI, ACE Property and Casualty Insurance Company and ACE Fire Underwriters Insurance Company (collectively "ACE"), and Employers Insurance of Wausau ("Wausau") relating to environmental contamination at the Portland Harbor Superfund Site ("Site"). The district court held that RLI had a duty to defend NW Pipe, allocated defense costs between RLI, ACE, and Wausau, and awarded prejudgment interest against RLI in favor of ACE and Wausau. We have jurisdiction over the appeal under 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly determined that RLI has a duty to defend NW Pipe. RLI's duty to defend was triggered by an "occurrence" that other insurers did not cover. The letters from the U.S. Environmental Protection Agency and the Oregon Department of Environmental Quality contemplate the possibility that the contamination at the Site was the result of an occurrence in 1985-86, when RLI's policy was in place and no other insurers were on the risk. Accordingly, RLI has a duty to defend under Oregon law. *Schnitzer Inv. Corp. v. Certain Underwriters at*

*Lloyd's of London*, 104 P.3d 1162, 1167-68 (Or. Ct. App. 2005) (stating that the duty to defend arises when there is "*any basis* for which the insurer provides coverage," even if the suit also alleges conduct beyond the policy's coverage) (quoting *Ledford v. Gutoski*, 877 P.2d 80, 83 (Or. 1994)).

Neither RLI's status as an umbrella insurer, the "Other Insurance" clause, nor "Condition S" negates RLI's duty to defend. RLI's policy provided "gap coverage" for property damage arising from an occurrence not covered by other insurers. *See Legacy Vulcan Corp. v. Superior Court*, 110 Cal.Rptr.3d 795, 806-07 (Cal. Ct. App. 2010) (finding that "umbrella coverage constituted *primary* coverage" when "the underlying insurance provided no coverage," triggering the duty to defend). The RLI policy's "Other Insurance" clause does not alter our conclusion, because no other insurance was available.

"Condition S" does not affect RLI's duty to defend. NW Pipe complied with the Condition by maintaining the Wausau policy, with its absolute pollution exclusion, from July 8, 1985, the effective date of the Wausau and RLI policies.

Further, the fact that Wausau and ACE are also defending NW Pipe does not obviate RLI's duty to defend. RLI's duty does not depend on whether other insurers are defending claims. Rather, RLI's duty to defend is triggered when the occurrence is not covered by another policy. Because the loss may have occurred

while RLI was the only insurer on the risk for a pollution incident, RLI must defend, along with Wausau and ACE.  *See Timberline Equip. Co. v. St. Paul Fire & Marine Ins. Co.*, 576 P.2d 1244, 1247 (Or. 1978).

**2.**  The district court did not abuse its discretion in allocating defense costs under Oregon Revised Statute § 465.480(4) (current version at § 465.480(5) (2013)).  Section 465.480 requires courts to consider the insurer's time on the risk and the applicable policy limits, and the district court appropriately weighted those factors.  After the district court allocated defense costs in this case, the Oregon legislature amended § 465.480 to require courts to consider the policy terms related to equitable allocation between insurers, and made that amendment retroactive.  *See* OR. REV. STAT. § 465.480(5)(d); 2013 Oregon Laws Ch. 350 (S.B. 814).  We do not believe, however, that this additional factor would have changed the district court's determination.  We find no abuse of discretion in the district court's allocation of defense shares and decline to remand for further consideration.

**3.**  Nor did the district court abuse its discretion in awarding prejudgment interest from the dates Wausau and RLI paid NW Pipe's defense costs.  *See* OR. REV. STAT. § 82.010(1).  The amount owed was ascertainable as of those dates, even if the three insurers disputed the proportion of the total each owed.  *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1240 (9th Cir.

4

1998).

Costs are awarded to Appellees Wausau and ACE.

**AFFIRMED.**