572 January 22, 2026 No. 24

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LAURA TOMAS,
*Plaintiff-Appellant,*

*v.*

ALLSTATE INDEMNITY COMPANY,
an Illinois Insurance Company,
and Allstate Vehicle And Property Insurance Company,
an Illinois Insurance Company,
*Defendants-Respondents.*
Multnomah County Circuit Court
22CV14237; A181427

S. Michael Rose, Judge pro tempore.

Argued and submitted December 6, 2024.

Steve Norman argued the cause for appellant. Also on the briefs was Engrav Law Office, LLP.

Douglas F. Foley argued the cause for respondents. Also on the brief was Foley Sampson & Lewis, PLLC.

Before Ortega, Presiding Judge, Hellman, Judge, and Jacquot, Judge.*

JACQUOT, J.

Vacated and remanded for entry of a judgment that declares the rights of the parties.

_____

    * Jacquot, Judge *vice* Mooney, Senior Judge.

**JACQUOT, J.**

In this insurance coverage dispute, plaintiff appeals from a judgment dismissing her action for declaratory relief. In that action, plaintiff sought to require defendants, two Allstate insurance companies, to defend her against third-party claims from the buyers of her home because in her view, the third-party claims were potentially covered and triggered a duty to defend. On appeal, plaintiff asserts that the trial court erred in denying her motion for summary judgment and granting summary judgment in favor of defendants, and she reprises the arguments she made to the trial court. Because the trial court did not err in its summary judgment rulings, we affirm those rulings on the merits. The third-party claims sought relief for breaches of two contracts; such claims are not covered under plaintiff's policies. As a result, defendants had no duty to defend. However, because the existing judgment contains no declarations, which is improper in a declaratory judgment action, we vacate and remand for entry of a judgment that declares the rights of the parties. *See City of Corvallis v. State of Oregon*, 304 Or App 171, 190-91, 464 P3d 1127 (2020) (declaration of parties' rights is necessary in a judgment for declaratory relief).

"On review of cross-motions for summary judgment, we view the record for each motion in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether either party is entitled to judgment as a matter of law." *O'Kain v. Landress*, 299 Or App 417, 419, 450 P3d 508 (2019).

The relevant facts are as follows. Plaintiff sold a home to the third-party buyers via a sale contract, and plaintiff and the buyers additionally executed a post-sale contract which covered a rent-back period for plaintiff. Shortly after the buyers took possession of the house, they notified plaintiff of their demand for arbitration (the demand). In the demand, the buyers alleged that damage to the residence caused by pet urine, including extensive damage to subflooring, drywall, trim, carpet, and carpet pads, and the resulting odor made the home uninhabitable. The demand claimed that plaintiff had violated the representation in the sales contract that she "knows of no material defect in or

about the property." The demand also claimed that plaintiff's refusal to compensate them for the necessary repairs violated the provision in the post-sale contract that plaintiff would be responsible for all damage caused by her pets.

Plaintiff requested that defendants defend her against the buyers' claims; defendants declined. Thereafter, plaintiff sought declaratory relief that defendants were obligated to defend.[1]

Plaintiff and defendants filed cross-motions for summary judgment on the issue of defendants' duty to defend, and each raised numerous arguments in support of their positions. As relevant to our decision here, defendants argued that their policy only covered "occurrences," and that as that term is defined in the policy, there was no "occurrence" alleged in the buyers' arbitration claims. The relevant policy provisions read:

> "Losses We Cover Under Coverage X: Subject to the terms, conditions and limitations of this policy, we will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damages arising from *an occurrence* to which this policy applies, and is covered by this part of the policy.
>
> "We may investigate or settle any claim or suit for covered damages against an insured person. If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent."

(Boldface omitted; emphasis added.)

And the policy defines "occurrence" as

> "*an accident*, including continuous or repeated exposure to substantially the same general harmful conditions, during the policy period, resulting in bodily injury or property damage."

(Boldface omitted; emphasis added).

Defendants argued that they had no duty to defend because the policy defined "occurrence" as "an accident," and

---

[1] Plaintiff's request for a declaration from the court about defendants' obligation is limited only to a duty to defend, not a duty to indemnify.

the demand did not seek relief on the basis of any accidental conduct. Defendants also argued that the policy expressly excludes liability for claims of any breach of agreement.

Plaintiff disagreed and argued that the claims met the definition of "occurrence," especially when considered under the broad obligation to defend. *See Ledford v. Gutoski*, 319 Or 397, 400, 877 P2d 80 (1994) (setting forth that obligation).

As relevant to our decision here, the trial court determined that the demand included

> "only two plausible claims. First, the buyers allege that pet urine significantly damaged the home, rendering it uninhabitable and necessitating repairs. Second, the buyers allege that [p]laintiff breached the sale agreement by misrepresenting a material defect of the home * * * and the failure to repair that specific damage."

The trial court determined that the policy excludes liability for three pertinent types of claims: breach of contract, property damage from waste materials or pollutants, and property damage to property "rented to, occupied or used by, or in the care of, an insured person." And the trial court determined that the demand claims fell within those three exceptions. The trial court further rejected plaintiff's argument that a breach of contract qualifies as "an occurrence," writing that

> "the breach of contract claim in the Demand is not due to a tortious 'accident' but rather was the alleged failure to perform a seller's obligation under a real estate contract: the disclosure of known material defects of the property. Indeed, the Agreement even specified that Plaintiff 'is responsible for damage caused by the [Plaintiff's] pets.'"

(Brackets in original.)

As a result, the trial court concluded that defendants had no duty to defend. It therefore granted defendant's motion for summary judgment, denied plaintiff's partial motion for summary judgment, and dismissed the case. This appeal followed.

The scope of an insurer's duty to defend is determined by review of the complaint or claim and the insurance

policy. *Ledford*, 319 Or at 399; *see also Oakridge Comm. Ambulance v. U. S. Fidelity*, 278 Or 21, 24, 563 P2d 164 (1977) (describing the "eight corners" analysis of the complaint or claim and the insurance policy). If the claim "provides *any basis* for which the insurer provides coverage," the insurer has a duty to defend. *Ledford*, 319 Or at 400 (emphasis in original). "If the complaint against [the] insured *** may impose liability for *conduct* covered by the policy, the insurer *** has a duty to defend." *Oakridge*, 278 Or at 24 (emphasis added; internal quotation marks, brackets and citation omitted).

Even viewing the evidence in the light most favorable to plaintiff, the demand only includes claims for breach of contract. The heading states that the demand is for "Breach of Contract—Residential Real Estate Agreement to Occupy After Closing" and the opening paragraph indicates that the attorney represents the buyers "regarding breach of contract from the sale of a home ***." Although the factual section is titled "Accident Facts," the demand does not describe any accidental conduct, or characterize any of the events as accidental. The demand refers to both a "Sale Agreement" and an "Agreement to Occupy After Closing" as key documents supporting the claims. The demand further references plaintiff's representation in the Sale Agreement that she "knows of no material defect in or about the property" and claims that plaintiff violated that agreement because she knew about the damage prior to completing the sale. In addition, the demand indicates that the "odor and condition of the floor" which made the home "uninhabitable" was a material defect. And the demand specifically references a section of the Agreement to Occupy after Closing, which states that "Seller is responsible for damage caused by Seller's pets."

We therefore reject plaintiff's argument that the demand "alleges accidental conduct during [plaintiff's] ownership and rental of the insured premises resulted in the [buyers'] loss." (Emphasis omitted). As the trial court correctly determined, the only plausible interpretation of the demand is that the claims alleged "failure to perform a seller's obligation under a real estate contract."

Because the claims in the demand were based on breaches of contracts, and not an accidental "occurrence" and because the policy expressly excludes coverage for claims involving breach of contract, the trial court correctly concluded that defendants had no duty to defend under the insurance policy.[2]

We vacate and remand for the court to enter a judgment that declares the rights of the parties. "If there is a justiciable controversy, the plaintiff is entitled to a declaration of its rights, even if that declaration is directly contrary to what [the plaintiff] believes [their] rights to be." *Beldt v. Leise*, 185 Or App 572, 576, 60 P3d 1119 (2003). Here, the granted summary judgment to defendants, denied plaintiff's cross-motion for partial summary judgment, but did not enter a judgment declaring the rights of the parties, which is the proper disposition of a claim seeking declaratory judgment. *Corvallis*, 304 Or App at 190-91.

Vacated and remanded for entry of a judgment that declares the rights of the parties.

---

[2] Because it is unnecessary in resolving the appeal, we decline to reach the arguments raised by the parties regarding the exclusion of coverage for damage caused by contaminants or waste.